## Norman C. YOUNG *v.* George W. BAILEY

87-169                                                    742 S.W.2d 905

Supreme Court of Arkansas
Opinion delivered January 19, 1988

*Matthews & Sanders*, for appellant.

*Hatfield, Robinson, Staley, Marshall, Jordan & Shively*, by: *Robert L. Robinson, Jr.*, for appellee.

STEELE HAYS, Justice. Appellant asks us to reverse the trial court's refusal to reduce a verdict for personal injuries recovered by a guest passenger against the host driver for medical expenses and loss of salary paid by the host driver's insurance carrier, an issue not yet settled in this jurisdiction. For reasons to be explained we decline to reverse.

Around midnight on April 21, 1985 Norman Young and George Bailey were in Young's pickup truck driving near Alpena, Arkansas. They had been together most of the afternoon and part of the evening, riding around and drinking beer. Several miles

south of town the right front tire of the truck went off the pavement prompting Bailey to grab the steering wheel. Young tried to shove Bailey away and in the struggle the vehicle went out of control and both driver and passenger were thrown out.

Bailey's injuries required nine days hospitalization following surgery to repair a badly damaged liver. Bailey's medical expenses totaled $12,206.35. He missed two months work as a construction foreman with a loss of income of $2,240.

Young was insured by Shelter Insurance Company. The coverage included $50,000 protection against bodily injury liability, $10,000 medical pay, and income disability protection of 70% of lost earnings. As a passenger in the vehicle, Bailey became an insured under the policy and as such received reimbursement from Shelter for his medical expenses ($10,000 was paid under the medical pay coverage and the balance, $2,206.35, under the liability coverage). Bailey also received $2,240 from Shelter under the income disability coverage.

In October, 1985 Bailey filed a personal injury suit against Young for $150,000. Young did not plead payment or set-off and made no attempt in trial to show that Shelter had paid Bailey's medical expenses and part of his salary loss. Thus, Bailey's proof of pecuniary loss totalling $14,446.35 was unchallenged and the jury returned a general verdict awarding Bailey the sum of $24,446.35.[1]

Following the trial Young filed a motion for a credit of $14,333.35 against the amount awarded based on the sums paid to Bailey under Shelter's coverage with Young. The trial court allowed a credit of $2,037.35 (evidently that part of the medical expense paid under the bodily injury coverage) and entered judgment for the balance, or $22,409. Whether the trial court was correct in refusing to credit the entire amount paid by Shelter is the sole issue on appeal. We affirm the trial court.

Young points out that while the jury found that Bailey was

---

[1] At a pretrial conference Young questioned whether he was entitled to a credit against any recovery for the amounts already paid to Bailey. Counsel were instructed to brief the point in advance of trial. If any action was taken on this issue prior to trial, it is not reflected in the record.

entitled to the sum of $24,446.35 for his injuries, the trial court's refusal to credit the payments already made under the policy results in a recovery of $36,767.35 by Bailey, which Young contends is unjust and against public policy. Young also argues that Bailey's reliance here and below on the case of *State Farm Mutual Automobile Insurance Co.* v. *Sims*, 288 Ark. 541, 708 S.W.2d 72 (1986) is misplaced. We agree that *Sims*, while similar, involves a different issue than the case before us and does not settle the question presented. In *Sims*, Cook was injured while riding as a passenger in a car insured by State Farm. By way of settlement State Farm paid Cook $25,000, the policy limits for bodily injuries, and when Cook demanded $5,000 under the medical pay provision of the policy, State Farm refused the demand, contending that under its policy it was entitled to credit any payments made under the medical pay coverage against the bodily injury coverage, and having paid the bodily injury limits to Cook, it had exhausted its exposure under the policy. The trial court rejected the argument, holding that the provision allowing a set-off was void as against public policy. We affirmed on appeal on the premise that to uphold State Farm's position in the case would effectively abrogate Ark. Stat. Ann. § 75-1427 (Repl. 1979) by reducing the compulsory coverage for bodily injury liability in Arkansas from $25,000 to $20,000. Thus, the issue in *Sims* was not duplicate payments, there being no evidence that State Farm was being required to pay medical expenses twice under its coverage.

██ This jury returned a general verdict for Bailey after being instructed without objection that if it found for the plaintiff to consider four elements of damages: medical expenses (AMI 2204), loss of income (AMI 2206), the nature, extent, duration and permanency of Bailey's injuries (AMI 2202), and any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future (AMI 2205). There was substantial evidence that Bailey's injuries were life-threatening, as well as painful and permanent and we could not say the verdict was excessive. While it is true the verdict partially coincided with the exact figures of the pecuniary damage, it is impossible to state with certainty what part of the total verdict was attributable to out-of-pocket expenses. It may be the jury intended to award the expenses plus $10,000, but that assumption

cannot be reached except by conjecture. Had the case been submitted on interrogatories specifying the damages awarded, that particular problem might have been avoided. But it was not, and we are unwilling to speculate at the expense of the successful litigant.

A similar development occurred in *Check* v. *Meredith*, 243 Ark. 498, 420 S.W.2d 866 (1967) where Mrs. Meredith sued for property damage and medical expenses on behalf of two children, Joyce and Robert. Her damages were $600 for her car, $710.26 for medical expenses for Joyce and $682.55 for medical expenses for Robert. The jury awarded Mrs. Meredith $1,500, Joyce $6,000, and Robert $3,500. The defendant argued on appeal that the medical expenses were recovered both by the children and by Mrs. Meredith since the court had included the medical expenses under AMI 2201, "which was properly given twice, once for Joyce and once for Robert." The argument was rejected on appeal because the appellant did not object to the instructions on damages or to the method by which those issues were submitted to the jury.

Affirmed.