665 So.2d 611 (1995)
Peggy S. WINTER
v.
F.A. RICHARD & ASSOCIATES, INC., Patrick F. La Salle and ABC Insurance Co.
No. 95-CA-578.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
*612 James E. Moorman, III, Covington, for Plaintiff-Appellant.
Frank Sloan, Covington, for Defendants-Appellees.
John Unsworth, Metairie, for Defendant-Appellee.
Before DUFRESNE, BOWES and GOTHARD.
DUFRESNE, Judge.
This is an appeal by Peggy Winter, plaintiff-appellant, from a judgment in her favor for damages suffered in a rear end collision. The defendants in this judge trial were the tortfeasor and the Louisiana Insurance Guaranty Association (LIGA). Liability was stipulated, and the court found plaintiff's damages to be $83,469.82. Pursuant to La.R.S. 22:1386, he subtracted from this amount $63,985.18, which had previously been paid by her hospitalization and uninsured motorists insurers, and cast the defendants in judgment for the remaining $19,834.34. Plaintiff now appeals, urging six assignments of error. For the following reasons we reject those assignments and affirm the judgment.
Plaintiff's first argument concerns the validity of a second judgment entered in the case in response to defendants' motion for a new trial. The procedural facts underlying this question are these. The wording of the first judgment of October 4, 1994, led to confusion among the litigants as to how the statutory set-offs provided by La.R.S. 22:1386 were to be applied. The defendants filed a motion to clarify the judgment or alternatively for a new trial. An extensive hearing was held, and the trial judge indicated at its close that he would simply amend the judgment to clarify it. He nonetheless took the motions under advisement and allowed all parties to file post-hearing briefs. On April 7, 1995, he rendered a second judgment. Both that judgment and the reasons for it note that it was entered on defendants' motion for a new trial, rather than on the motion to amend the prior judgment.
Plaintiff asserts here that the second judgment made substantive changes to the original judgment, that such changes are precluded by La.Code Civ.Pro., Art. 1951, and therefore that the second judgment is a nullity. While we agree that the above article prohibits substantive changes in final judgments, the procedure followed in this case did not involve Art. 1951 amendments to the judgment. As shown above, the second judgment was instead issued in response to a timely urged motion for a new trial, pursuant to La.Code Civ.Pro., Art. 1971. In this circumstance, whether the second judgment made substantive changes to the first, or merely clarified its phraseology, is of no consequence. The motion for a new trial is, in fact, a proper procedural device to correct any substantive errors which may have crept into judgments, see LaBove v. Theriot, 597 So.2d 1007 (La.1992). We therefore conclude that the April 7, 1995, judgment was properly issued, and is thus the judgment before us on appellate review.
*613 Plaintiff next urges that the second judgment improperly gave the tortfeasor a set-off for the amounts paid by her other insurers. She argues in support of this proposition that La.R.S. 22:1386 specifically provides this credit to LIGA, but makes no mention of the insured of the defunct insurance company as also being entitled to the credit. Alternatively, she urges that even were the tortfeasor entitled to the credit, in this case he did not raise the credit as an affirmative defense and is thus precluded from claiming it. We reject both propositions.
As to the set-off issue, plaintiff acknowledges that the above statute provides that a person having other insurance applicable to the claim against LIGA must first exhaust all rights against those other insurers, and all funds so collected act as a credit in LIGA's favor against the claimant's total damages. She argues, however, that because the statute does not mention the tortfeasor-insured of the insolvent insurance company, such a party remains liable for the total judgment with credit for only that portion paid by LIGA. This same argument was advanced in Stagg v. Strauss, 94-670 (La.App. 3 Cir. 12/7/94), 647 So.2d 621. In rejecting it, the court first noted that the stated policy of the LIGA statutory scheme is "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid ... financial loss to claimants or policyholders because of the insolvency of an insurer," La.R.S. 22:1376. It pointed out further that these statutes are to be liberally construed so as to effect the purpose stated above, La.R.S. 22:1378. Finally, the court observed that to interpret La.R.S. 22:1386 in the manner urged by the plaintiff would be to defeat one of the stated purposes of the legislation, which is to protect policyholders of defunct insurers from loss. We agree with this reasoning, and likewise decline to interpret the statute so as to allow plaintiff here to recover from the tortfeasor an additional $64,000.00. We also particularly point out that this amount has already been paid to her by her other insurers pursuant to La. R.S. 22:1386, and La.R.S. 22:1379(3)(b) prohibits those insurers from bringing a claim in subrogation against the tortfeasor to recover this amount. To permit the plaintiff to now proceed against the tortfeasor for this same sum would lead to double recovery, a result which we deem contrary to the purposes of the statutory scheme at issue here. We hold, therefore, that the credit given to LIGA for amounts paid by other insurers of a claimant as per La.R.S. 22:1386 applies equally to the policy holders of defunct insurers.
Equally unpersuasive is plaintiff's other argument that the credit is an affirmative defense, and therefore that the defendants' failure to specifically plead it precludes their taking advantage of it. While we have serious reservations as to whether this statutorily mandated credit is an affirmative defense, see Mitchell v. State, through DOTD, 596 So.2d 353 (La.App. 3 Cir.1992), even were it were so considered, the fact here is that the question of the applicability of the credits for the benefit of the tortfeasor was placed at issue in the joint pre-trial order. That document gives as a contested issue the following:
Plaintiff contests the amount of credits due Louisiana Insurance Guaranty Association attributable to her collateral sources and the utilization of credits by any other defendant.
Under La.Code Civ.Pro., Art. 1154, when issues not raised in pleadings are tried by express or implied consent, these issues are treated as though they had been raised in the pleadings. Because the issue of the applicability of the credits was tried by express consent, that issue must be treated as one raised in the pleadings, and plaintiff's objection here must therefore be deemed moot.
Plaintiff's next two arguments relate to payment of interest on the $63,986.18, which she received from her own insurers. She contends that LIGA and the tortfeasor should be liable for legal interest on this $63,986.18, or alternatively that interest should first be calculated on her total damages of $83,469.62, and then the $63,986.18, should first be imputed to interest owing and the remainder to the remaining principal, citing La.Civ.Code, art 1866. Again, we do not agree with either proposition. As indicated above, La.R.S. 22:1386(A) mandates that a claimant must exhaust all other insurance *614 coverages available before proceeding against LIGA. The statute provides further that:
As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
The statute clearly provides that LIGA is not liable for the amounts paid by other insurers. In this court's opinion, the statute likewise precludes any judgment against the association which includes such amounts. In the present matter, the judgment properly did not include the payments made by plaintiff's other insurers, and therefore no judicial interest can be owed on these amounts because they form no part of the judgment. Similarly, because the amounts paid by the other insurers form no part of LIGA's obligation to plaintiff, neither can interest on those payments form any part of that obligation. Thus, La.Civ.Code, art 1866, has no applicability as to any such indebtedness, because LIGA does not owe either principal or interest on those amounts. As to plaintiff's renewed assertion that the tortfeasor, at least, should be liable for such interest because not specifically mentioned in La. R.S.22:1386, we reiterate our previous holding that the credit provided in the statute is for the benefit of both LIGA and the insureds of failed insurers, and applies equally to claims for judicial interest on amounts paid by other insurers of the claimant.
The final issue raised by plaintiff is that the trial judge fell into manifest factual error in failing to award her $835.00 for dental expenses which she claims were related to the accident. In his reasons for the original October 4, 1994 judgment, the trial judge simply noted that he did not award the dental expenses because the treatments were some two years after the accident. The second judgment, which is now before us, is silent as to the dental bills, but the $835.00 does not appear as part of the final award. We therefore assume that for the original reasons the award was not made. The evidence on this point was simply plaintiff's testimony that she was having problems with her jaw and teeth and sought to determine if the accident had caused these problems. Although dental bills totaling the claimed amount were introduced, those documents provide absolutely no information as to causation of the problems. Further, plaintiff did not testify that she ever learned that there was some causal relation between the accident and the dental problems. Given these circumstances, we cannot say that the trial judge's implicit factual finding that the dental problems were not causally related to the accident of two years before was manifestly erroneous or clearly wrong. Absent such a conclusion by us, we are not permitted to set aside this finding, Rosell v. ESCO, 549 So.2d 840 (La.1989).
For the above reasons, we hereby affirm the judgment of the trial court in this matter.
AFFIRMED.