MacDonald, D. Lloyd, J.

Before the Court is the plaintiff’s motion for partial summary judgment as to her entitlement to prejudgment interest where the defendants’ insurer is insolvent and the claim is being processed by the intervenor Massachusetts Insurers Insolvency Fund (the “Fund’). The Fund in turn has cross moved on the issue. The Court ALLOWS the plaintiff’s motion and DENIES the Fund's cross motion for the reasons that follow.

Pertinent Facts
The plaintiff was sixteen years old at the time of the accident underlying the case. She was driving her parents’ car and was broadsided by the defendant Ethel LaValley. Liability is acknowledged by the defendants and the Fund. The plaintiff sustained muscular and joint injuries requiring extensive physical therapy. Medical expenses of $20,488.51 were incurred. The prospect of significant future medical care is reasonable to infer.
This action was brought against the defendants as the driver and registered owner of the vehicle causing the accident. The defendants’ vehicle was insured by the Trust Insurance Company (“Trust”). However, in 2000 Trust became insolvent, and its coverage obligations were thereafter assumed in part by the Fund pursuant G.L.c. 175D (the “Statute”). The plaintiffs claim, therefore, became subject to the terms of the Statute as to the Fund’s rights and obligations.
Section 9 of the Statute requires that “(a]ny person having a claim against his insurer under any insolvency provision in his insurance policy which is also a covered claim under [the Statute] shall be required to exhaust first his right under such policy.” The plaintiff here was covered by her parents’ automobile insurance issued by Commerce Insurance Company (“Commerce”). The policy contained an uninsured motorist (“UM”) provision. Thus, by the exhaustion provision of Section 9 of the Statute, the plaintiff was required to seek relief first from Commerce, and she did so.
The UM provision of the Commerce policy required that the UM claim be arbitrated, and the plaintiff duly filed an arbitration claim against Commerce. At the arbitration Commerce conceded liability. Accordingly, the sole issue before the arbitrator was damages. As noted, the plaintiffs medicals totaled $20,488.51.
The arbitrator awarded damages in the amount of $83,000, presumably on account of the prospect of future medical care arising from the accident, in addition to other considerations relevant to the plaintiffs general and special damages. The plaintiff further claimed, however, that she was entitled to statutory prejudgment interest, pursuant to G.L.c. 231, §6B, from the date of having filed her complaint. (As of June 30, 2006 such interest, calculated on an $83,000 judgment, would have been $36,935.)
Commerce submitted that statutory interest was not recoverable in an arbitration proceeding under the UM provision of its policy, and the arbitrator so ruled. Commerce did not appeal the arbitrator’s award. Accordingly, the plaintiffs total recovery, having pursued her only alternative third-party relief, was $83,000.
The plaintiff then returned to the present Superior Court action. While the arbitration claim against Commerce was pending, successive continuances were obtained on joint motion of the plaintiff and the defendants. The grounds for such enlargements were predicated on the unresolved status of the arbitration and the expectation that the result of the arbitration would likely determine the merits of this case, as well.
*258 At the present juncture, the defendants and the Fund, as intervenor, accept the arbitrator’s damage award as final for purposes of liability; however, they deny that the plaintiff is due statutory interest. The Fund’s position [adopted by the defendants) is that because of the exhaustion requirement of G.L.c. 175D, §9 and the circumstance that the plaintiff exhausted her remedy by obtaining a full recovery in damages from Commerce pursuant to its UM coverage, there is no surviving “claim” against the defendants (and thus against the Fund). As stated by the Fund in its papers, “[b]ecause no judgment can be awarded against the Fund or the defendants with respect to such damages, no prejudgment interest can be awarded against the Fund or the defendants with respect to such damages.”
The plaintiff counters that her legal “claim” necessarily includes statutory interest and that since the defendants’ Trust policy covered such interest, the Fund is obligated to do so, as well.
Discussion
The Fund is a creation of statute and is not subject to claims except as specifically provided by statute. Commissioner of Ins. v. Mass. Ins. Insolvency Fund, 373 Mass. 798, 803-04 (1977). Indeed, it “shall deny all other claims.” G.L.c. 175D, §5(1)(d). Crucial to the present dispute is the definition of “covered claim.”
“Covered claim” under the Statute is “an unpaid claim. .. which arises out of and is within the coverage of an insurance policy . . . issued by an insurer, if such insurer becomes an insolvent insurer . . .” G.L.c. 175D, §1(2).
The Fund concedes that the defendants had a valid policy of insurance with Trust, that Trust became insolvent and, further, that Trust’s obligations under the defendant’s policy thereby became subject to the Statute.
The Statute is unambiguous that “[t]he Fund shalb ... be obligated to the extent of the covered claims against the insolvent insurer existing prior to the declaration of insolvency . . .” G.L.c. 175D, §5(a) (emphasis added). Further, “[t]he Fund shall: be deemed the insurer to the extent of its obligation on the covered claims and shall have all rights, duties and obligations of the insolvent insurer to such extent.” Id. at §5(b) (emphasis added). The only limitation on this obligation (not implicated in the present case) is that the Fund’s exposure under any such policy is capped at $300,000. Id.
As noted, the Fund, however, argues that because of the mandatory requirement that the plaintiff exhaust her Commerce UM coverage and because of the fact of her having obtained a full general and special damages recovery from having done so, whatever claim the plaintiff otherwise had against the defendants has been extinguished. With there being no claim, there can be no interest due on the claim, submits the Fund.
The fallacy in the argument lies in its very statement. The plaintiffs “claim” against the defendants is not limited to her general and special damages. The Fund concedes that the defendants’ policy with Trust would have — but for the insolvency — entitled the plaintiff to recover statutory interest upon obtaining a favorable judgment. As noted above, the Statute defines “covered claim” as one that is “within the coverage of an insurance policy to which this chapter applies.” G.L.c. 175D, §1(2). The plaintiffs claim is “within the coverage of [the Trust] policy.” Therefore, there should be no reason for the Fund’s exposure to be any less than what Trust’s would have been.
The Fund seeks to avoid this result by citing cases from certain other jurisdictions, most significantly, that of the Louisiana Appeals Court in Winter v. F.A. Richard & Assoc., Inc., 665 So.2d 611, 614 (1995), on facts substantially similar to those before the Court. The Winter court held that “because the amounts paid by the other insurers form no part of [the Louisiana equivalent of the Fund’s] obligation to the plaintiff, neither can interest on those payments form any part of that obligation.” However, it is not clear that the Louisiana insurer insolvency statute is similar in material part to the Commonwealth’s. If it is similar, this Court fails to follow the logic of the Winter court and chooses not to follow it.
The result advanced by the Fund on the facts before the Court would have the perverse effect of providing a windfall of immunity from statutory interest to the defendants while denying such interest to the plaintiff who was seriously injured on account of the defendants’ acknowledged negligence. Such an unfortunate result, however, is unnecessary because of the Statute’s explicit terms.
The Fund argues in the alternative that if interest is due the plaintiff, it be reduced by that amount representing the time the case was delayed while the plaintiff exhausted her uninsured motorist remedy against Commerce. The Fund characterized this period as the equivalent of a “stay” and cited a succession of motions for continuance filed in this matter that had the effect of enlarging the case’s Tracking Order deadlines. Those motions were predicated on the plaintiffs then pending arbitration claim for UM coverage.
The Fund fails, however, to note that the motions to continue were joint motions of the plaintiff and the defendants. Further, the effect of the arbitration proceeding was to dispose definitively of the liability and general and special damages portion of the case. And, for the reasons stated in this decision, the arbitration should have disposed of the case entirely. The further delay occasioned thereafter was on account of the Fund’s and the defendants’ attempt to avoid their respective obligations to meet the plaintiffs entitlement to statutory interest. Thus, there is no lawful *259 basis to reduce the amount of such interest calculated from the date of the filing of the complaint.
ORDER
The plaintiffs motion for partial summary judgment is ALLOWED. The intervenor Fund’s cross motion for partial summary judgment is DENIED.