INTERNATIONAL INSURANCE COM-
PANY, Appellant,

v.

R. I. REID, Appellee.

No. 6810.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 10, 1966.

Rehearing Denied March 9, 1966.

Orgain, Bell & Tucker, Beaumont, for appellant.

Clark Anderson, Lufkin, for appellee.

STEPHENSON, Justice.

This is an action to recover damages caused by a freeze, under a homeowner's policy of insurance. Judgment was rendered for plaintiff, R. I. Reid, based upon the answer of the jury to one special issue submitted to it. The parties will be referred to here as they were in the trial court.

The policy of insurance covered loss by freeze, but contained the following provision:

"EXCLUSIONS * * * This insurance does not cover * * * (e) loss caused by or resulting from freezing while the building is unoccupied unless the insured shall have exercised due diligence with respect to maintaining heat in the building, or unless plumbing, heating and air-conditioning systems had been drained and the water supply shut off during such unoccupancy."

The issues submitted to the jury and its answer were as follows:

"Do you find from a preponderance of the evidence that R. I. Reid exercised due diligence with respect to maintaining heat in the building in question before the freeze in question?

"Answer 'We do' or 'We do not'

"Answer: We do"

Defendant alleged: The building damaged was unoccupied on the occasion in question; the plumbing was not drained

and no heat was maintained in the building; the plaintiff had entrusted to his agent and employee, Alton Connell, the duty of protecting the building, which included the draining of the pipes and maintaining heat; both plaintiff and his agent, Alton Connell, failed to exercise due diligence with respect to maintaining heat in the building.

Defendant's only points of error complain of the action of the trial court in refusing to submit to the jury the following series of issues:

"SPECIAL ISSUE NO. ⸺

"Do you find from a preponderance of the evidence that on the occasion in question Alton W. Connell was the agent of R. I. Reid?

"Answer 'Yes' or 'No'

"Answer: ⸺

"In connection with the above issue, you are instructed that an agent is a person appointed to act for another in the transaction of some lawful business.

"If you have answered the above Special Issue "Yes", and only in that event, answer the following Special Issue:

"SPECIAL ISSUE NO. ⸺

"Do you find from a preponderance of the evidence that on the occasion in question it was Alton W. Connell's duties as agent, if you have so found, to protect R. I. Reid's house from freeze damage?

"Answer 'Yes' or 'No'

"Answer: ⸺

"If you have answered the above Special Issue 'Yes', and only in that event, then answer the following Special Issue:

"SPECIAL ISSUE NO. ⸺

"Do you find from a preponderance of the evidence that on the occasion in question Alton W. Connell exercised due diligence with respect to maintaining heat in R. I. Reid's house?

"Answer 'Yes' or 'No'

"Answer: ⸺ "

It is agreed by the parties that the building was unoccupied on the occasion in question, that the plumbing, heating and air-conditioning systems had not been drained and that the water supply had not been cut off. The only question left to be determined, which was controverted, was whether the insured (plaintiff) had exercised due diligence with respect to maintaining heat in the building.

The evidence shows that Alton Connell was employed by plaintiff as ranch foreman on plaintiff's ranch where the loss sued for had been sustained. Connell lived in a second house located on plaintiff's ranch about two hundred yards from the house where the damage occurred. Plaintiff had been in the house in December but not during the month of January, when this loss was sustained. Connell testified that plaintiff had given him instructions to protect the property and to light the fires and drain the pipes when it was cold enough to freeze them. Plaintiff also testified he had given Connell instructions as to what to do in extreme weather conditions, and to light the fires, spend the night in the house and to cut off the water if necessary.

There is evidence to support the finding by the jury that plaintiff had exercised due diligence with respect to maintaining heat in the building and defendant has raised no points in connection with the finding by the jury in this respect.

It is defendant's theory of the case that even though plaintiff may have personally exercised due diligence, that the failure of his employee or agent to do so would be binding upon plaintiff and prevent a recovery in this case.

Neither party has cited a case directly passing upon the question raised by this ap-

peal. Defendant argues the plaintiff cannot delegate the duty to maintain heat in the building without suffering the consequences of a failure to exercise due diligence on the part of the person to whom the duty was delegated. Plaintiff argues the special issue submitted uses the wording of the policy, and that nothing more is required of an insured than the exercise of due diligence on his part.

 It is a settled rule in this state that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379. A strict construction of this policy of insurance requires only that the insured use due diligence. If it had been the intention of the parties to require diligence of both the insured and his agent or employee, then the contract of insurance should have so provided. The points are overruled.

Judgment affirmed.