◼ THOMAS J. MCCABE et al., Respondents-Appellants, v ALLSTATE INSURANCE COMPANY et al., Appellants-Respondents. [688 NYS2d 764] —Graffeo, J. Cross appeals from an order of the Supreme Court (Keniry, J.), entered February 18, 1998 in Saratoga County, which, *inter alia*, denied defendants' motions for summary judgment.

Plaintiffs, residents of Virginia, were the owners of a vacation home in the Town of Edinburg, Saratoga County, which suffered substantial damage as the result of frozen pipes in the winter of 1996. In 1991, plaintiffs orally contracted with defendants Northville Robin Service, Inc. and Dean Shepard (hereinafter collectively referred to as Northville) for automatic fuel oil delivery service. Pursuant to the agreement, Northville made periodic oil deliveries to plaintiffs' home until December 1994, at which time Northville claims plaintiffs terminated the service. Plaintiffs deny terminating the arrangement. In March 1996, plaintiffs discovered that their home had suffered approximately $43,500 in plumbing and water damage caused by frozen and bursting pipes after the heating system's fuel tank ran dry. Plaintiffs' claim under their homeowner's insurance policy, underwritten by defendant Allstate Insurance Company, was rejected based on an exclusion in the policy regarding loss arising from frozen plumbing while the structure is unoccupied. Plaintiffs thereafter commenced this action against Allstate and Northville claiming breach of their respective contracts. Northville and Allstate both moved for summary judgment and plaintiffs cross-moved for partial summary judgment. Supreme Court denied all motions and each party appeals.

We first address the contractual arrangement between plaintiffs and Northville. Pursuant to UCC 2-201, oral contracts involving a sale of goods for $500 or more are generally unenforceable unless the party against whom enforcement is sought admits the existence of the contract, but the contract is not enforceable beyond the quantity of goods admitted (see, UCC 2-201 [3] [b]). Here, although it is undisputed that the contract was oral and involved the sale of goods for $500 or more (see, Levin v Hoffman Fuel Co., 94 AD2d 640, affd on mem below 60 NY2d 665), Northville acknowledges that it entered into a bilateral contract not limited in time regarding fuel oil deliveries which began in 1991. However, Northville maintains that its admission of a contractual relationship is limited to the period from 1991 through December 1994 when the contract was allegedly terminated by plaintiffs, and therefore any contractual obligation subsequent to December 1994 was unenforceable pursuant to UCC 2-201.

We disagree. The record demonstrates that the contract was not for a specific time period but was an automatic delivery contract, terminable at will by either party, whereby Northville made periodic deliveries of fuel oil to plaintiffs' house, which, in turn, triggered plaintiffs' obligation to pay North-

ville's invoices. Northville's admission of the existence of the contract is sufficient to render the contract enforceable because the agreement was an ongoing obligation requiring Northville to continue deliveries until the arrangement was terminated by either party. Based on the nature of the contract and Northville's admission of its existence, the dispositive issue is whether the contract was terminated. This issue, which is clearly in dispute, constitutes a material question of fact precluding summary judgment in either party's favor.

We next review Allstate's contention that it was entitled to summary judgment due to the following loss exclusion: "Freezing of plumbing, fire protective sprinkler systems, heating or air conditioning systems or household appliances, or discharge, leakage or overflow from within the systems or appliances caused by freezing, while the building structure is vacant, unoccupied or being constructed unless you have used reasonable care to: (a) maintain heat in the building structure; or (b) shut off the water supply and drain the system and appliances." We find plaintiffs' assertion that their house was not "unoccupied" in light of their continuing, albeit seasonal use of the premises, to be unavailing. Inasmuch as plaintiffs' primary residence was in Virginia and they concede that no one resided at or visited the house in Edinburg from September 1995 until March 1996, their claim falls squarely within the exclusion provision. This Court has previously determined that use of the word "unoccupied" in an insurance policy carries its ordinarily accepted meaning and that "[i]t is the regular presence of inhabitants that makes occupancy" (*Coutu v Exchange Ins. Co.*, 174 AD2d 241, 244; *see, Page v Nationwide Mut. Fire Ins. Co.*, 15 AD2d 306, 306-307).

Therefore, the salient issue is whether plaintiffs took reasonable measures to maintain heat in the structure during their absence. Allstate claims that merely arranging for automatic fuel oil service does not constitute reasonable care within the meaning of the policy exclusion. Additionally, Northville alleges that the contract for fuel delivery was terminated at the end of 1994 which, if true, would establish the lack of reasonable care in this case if no other measures were taken. Plaintiffs, on the other hand, argue that the automatic fuel oil delivery contract remained in effect since they did not request its termination and was sufficient to satisfy their duty of maintaining heat in the house. In light of the question of fact which exists with respect to the status of the fuel oil delivery contract, we conclude that Supreme Court's denial of plaintiffs' and Allstate's respective summary judgment motions was proper.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.