2012 Ark. App. 320

**J. Robert FULTON, Appellant**

v.

**BEACON NATIONAL INSURANCE COMPANY and State Auto Financing Corporation d/b/a State Auto Insurance Companies, Appellees.**

No. CA 11–559.

Court of Appeals of Arkansas.

May 2, 2012.

Fred Thorne, Marion, Douglas A. Black, Wyatt, Tarrant & Combs, LLP, Memphis, TN, for appellant.

Sterling Elza, Brown, Dean, Wiseman, Proctor, Hart & Howell, LLP, Fort Worth, TX, John V. Phelps, Mark Mayfield, Womack, Landis, Phelps & McNeill, P.A., Jonesboro, for appellees.

WAYMOND M. BROWN, Judge.

Appellant, J. Robert Fulton, sued appellees Beacon National Insurance Company ("Beacon") and State Auto Financing Corporation ("State Auto") after being denied coverage under an insurance policy for water damage to a rental home he owned. He appeals from the Crittenden County Circuit Court orders granting summary judgment in favor of Beacon and granting the motion to dismiss, without prejudice, of State Auto. We affirm.

### Background

Appellant purchased an insurance policy from Beacon for coverage of a rental home he owned in West Memphis, Arkansas.

The policy contained a provision under "Perils Insured Against" that read, in pertinent part:

> [W]e do not insure loss ... caused by:
>
> a. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion applies only while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
>
> (1) maintain heat in the building; or
>
> (2) shut off the water supply and drain the system and appliances of water.

On December 8, 2008, the tenant of the rental house notified appellant that she was moving and vacated the premises. On the same day, the tenant transferred her utility service to a new address, and the West Memphis Utility Commission turned off the power and shut off the water supply to the rental house.

While the rental house was vacant and unoccupied, temperatures went below freezing and a water pipe in the attic froze and burst, causing extensive damage to the rental house. Appellant was informed of the water leak on December 25, 2008, and filed a claim with Beacon for coverage under the insurance policy. State Auto handled the adjustment of appellant's claim and retained an independent adjuster named Benny Hicks to conduct an investigation. Following the investigation, Beacon denied appellant's claim on the grounds that he had failed to use reasonable care to drain the rental house's plumbing system and appliances of water while the house was vacant.

Records from the West Memphis Utility Commission showed that electricity and water at the rental house were shut off on December 8, 2008, and were not turned back on until January 6, 2009. The records showed, however, that during that gap in time, some 22,400 gallons of water were used. There was deposition testimony from several witnesses, including appellant, that someone must have turned the water back on during the period between shutoff on December 8, 2008, and December 25, 2008, but no proof as to the person's identity was offered.

Appellant filed suit for breach of contract and bad faith against Beacon and State Auto. State Auto filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction. Beacon answered and filed for summary judgment. In its motion for summary judgment, Beacon asked the circuit court to rule, as a matter of law, that appellant was not entitled to coverage because the policy required him to use reasonable care to drain the rental house's plumbing system and appliances of water, and he had failed to do so. In separate orders filed on February 28, 2011, the circuit court granted Beacon's motion for summary judgment and granted, without prejudice, State Auto's motion to dismiss for failure to state a claim, but did not rule on the motion to dismiss for lack of personal jurisdiction. Appellant has appealed from both orders.

## Discussion

### I. Summary Judgment in Favor of Beacon

Appellant argues that the circuit court erred in granting summary judgment because the insurance policy should have been construed liberally so as only to require him to exercise reasonable care to avoid a loss.

Summary judgment is a remedy that should be granted only when there are no genuine issues of fact to litigate and the

case can be decided as a matter of law.[1] Our review on appeal is limited to a determination as to whether the trial court was correct in finding that no material facts were disputed.[2]

Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer.[3] If the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two or more interpretations—one favorable to the insured and the other favorable to the insurer—the one favorable to the insured will be adopted.[4]

Where terms of the policy are clear and unambiguous, however, the policy language controls, and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms.[5] It is unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists.[6] When language is clear, it must be given its plain and obvious meaning and should not be interpreted to bind an insurer to a risk which it plainly excluded and for which a premium was not collected.[7] Where language is unambiguous, summary judgment is an appropriate method to resolve issues of contract construction.[8]

We do not find the language of the insurance policy ambiguous. Rather, it clearly and plainly states that damage to appellant's rental house would be covered only if he used reasonable care to (1) maintain heat in the building or (2) shut off the water supply *and* drain the system and appliances of water. It is undisputed that appellant did not attempt to maintain heat in the building. Although the parties have conceded that there is a fact question as to whether appellant used reasonable care to shut off the water supply,[9] it is undisputed that he did not make any effort to drain the plumbing system or appliances of water. The use of the conjunctive "and" in the clause in question makes it clear that in order to prove coverage under the policy, appellant also would have had to show that he used reasonable care to drain the system and appliances of water, and it is

1. *Carver v. Allstate Ins. Co.*, 77 Ark.App. 296, 76 S.W.3d 901 (2002).

2. *Id.* (citing *Wright v. Compton, Prewett, Thomas & Hickey, P.A.*, 315 Ark. 213, 866 S.W.2d 387 (1993)).

3. *Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. 185, 861 S.W.2d 307 (1993); *Baskette v. Union Life Ins. Co.*, 9 Ark.App. 34, 652 S.W.2d 635 (1983).

4. *Id.; Drummond Citizens Ins. Co. v. Sergeant*, 266 Ark. 611, 588 S.W.2d 419 (1979).

5. *Jordan v. Atlantic Cas. Ins. Co.*, 344 Ark. 81, 40 S.W.3d 254 (2001) (quoting *Vincent v. Prudential Ins. Brokerage*, 333 Ark. 414, 970 S.W.2d 215 (1998)).

6. *Id.*

7. *Carver, supra; General Agents Ins. Co. of Am. v. People's Bank & Trust Co.*, 42 Ark.App. 95, 854 S.W.2d 368 (1993).

8. *Carver, supra; Moore v. Columbia Mut. Cas. Ins. Co.*, 36 Ark.App. 226, 821 S.W.2d 59 (1991).

9. Appellant testified that in his experience as a landlord, the West Memphis Utility Commission always turned off electricity and water service at the same time when a tenant moved out. A letter from West Memphis Util-

undisputed that he took no steps to do so.[10] It is well established that when a party cannot present proof on an essential element of his claim, the moving party is entitled to summary judgment as a matter of law.[11]

Appellant's argument is that his failure to drain the plumbing system should be regarded as immaterial because it did not cause the damage at the rental house, or as he stated in his deposition, "If I had drained the pipes and somebody came back in and turned it on, it would have still been damaged." However, the plain language of the policy provides that had he used reasonable care to drain the plumbing system, the damage would have been covered.[12] Since the language of the policy is clear and unambiguous, we are bound by its terms. Arkansas courts have not required insurers to show proximate cause as a condition of enforcing exclusion clauses.[13]

We note that in support of his argument, appellant has cited a number of cases from other jurisdictions, none of which would be applicable to this case even if they did have binding authority. In five of the cases, the insured took affirmative steps to maintain heat in the building and the court addressed the question of whether their efforts constituted using reasonable care to maintain heat.[14] In this case, as previously noted, it is undisputed that appellant did not take steps to maintain heat. In the two other of the cases cited by appellant, the insured had specifically instructed an employee to drain the pipes of the building, and the courts were considering whether the insured's reliance on a third party to protect the property met the requirements of the policy.[15] As previously noted, it is undisputed that appellant did not take any steps to drain the pipes or appliances in his rental house, or instruct anyone else to do so. Accordingly, there was no genuine issue of material fact with regard to the issue of coverage, and we affirm the circuit court's grant of summary judgment.

## II. *Motion to Dismiss State Auto*

Our standard of review on a motion to dismiss is well established. We treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the com-

---

ity Commission confirmed that this was the Commission's practice.

**10.** Fulton testified at his deposition that he never attempted to drain the water pipes at the rental house and he knew there was still water in the system. He said that even though he knew the temperature was going to get down to freezing, he did not think it would cause any problems because he thought the water was off and he believed it would not get cold enough to freeze the water still in the plumbing system.

**11.** *Caplener v. Bluebonnet Milling Co.,* 322 Ark. 751, 911 S.W.2d 586 (1995).

**12.** We make this statement without regard to any possible arguments concerning agency, since no such arguments are before us.

**13.** *See Castaneda v. Progressive Classic Ins. Co.,* 357 Ark. 345, 166 S.W.3d 556 (2004); *W. Memphis Flying Serv., Inc. v. Am. Aviation & Gen. Ins. Co.,* 215 Ark. 6, 219 S.W.2d 215 (1949); *Planters Mut. Ins. Ass'n of Ark. v. Dewberry,* 69 Ark. 295, 62 S.W. 1047 (1901).

**14.** *Billitier v. Merrimack Mut. Fire Ins. Co.,* 777 F.Supp.2d 488 (W.D.N.Y.2011); *Hidalgo v. Mason Ins. Agency, Inc.,* 2005 WL 1313828 (Mich.Ct.App.2005); *Thomas Inv. Co. v. United States Fid. & Guar.,* 716 S.W.2d 395 (Mo. Ct.App. E.D.1986); *McCabe v. Allstate Ins. Co.,* 260 A.D.2d 850, 688 N.Y.S.2d 764 (N.Y.App.Div.1999); *Palmer v. Pawtucket Mut. Ins. Co.,* 352 Mass. 304, 225 N.E.2d 331 (1967).

**15.** *JMB Enters. v. Atlantic Employers Ins. Co.,* 228 N.J.Super. 610, 550 A.2d 764 (N.J.Su-

plaint.[16] In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed.[17] However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.[18] We treat only the facts alleged in the complaint as true, but not a plaintiff's theories, speculation, or statutory interpretation.[19] Finally, our standard of review for the granting of a motion to dismiss is whether the circuit judge abused his or her discretion.[20]

■ Arkansas Rule of Civil Procedure 12(b)(6) (2010) provides that "[e]very defense, in law or in fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may . . . be made by motion: . . . (6) failure to state facts upon which relief can be granted[.]" According to Ark. R. Civ. P. 8(a)(1) (2010), a pleading that sets forth a claim for relief shall contain a statement in ordinary and concise language of facts showing that the pleader is entitled to relief.[21] We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled.[22]

■ A pleading is deficient if it fails to set forth facts pertaining to an essential element of its claim.[23] Appellant's complaint alleges breach of contract against State Auto, but fails to state facts alleging that he had a contract with State Auto. Moreover, on appeal, appellant has not cited any legal authority or made any argument as to how the complaint sufficiently pleads a breach-of-contract claim against State Auto in the absence of a contract. On appeal, appellant states that his allegations also give rise to claims for "negligence, negligent and/or intentional misrepresentations, bad faith, intentional interference with contract, and/or other claims." However, the face of the complaint does not support that argument, and appellant cites no authority and makes no argument as to how the facts alleged in his complaint might support any of those claims. For example, the complaint fails to allege that State Auto is an insurance company, when the tort of bad faith may only be brought against insurance companies.[24]

■ It is well settled that mere conclusions unsupported by convincing argument or legal authority will not be accepted or reviewed on appeal.[25] If appellant's point is not apparent without further research, this court will not hear the matter.[26] Even more significantly, in his brief, appellant concedes that his claims against State

per.Ct.App.Div.1988); *Int'l Ins. Co. v. Reid*, 400 S.W.2d 939 (Tex.Civ.App.1966).

16. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377.

17. *Id.*

18. *See* Ark. R. Civ. P. 8(a)(1) (2010); *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324.

19. *Dockery, supra.*

20. *Id.*

21. *Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985).

22. *Id.*

23. *Thomas v. Pierce*, 87 Ark.App. 26, 184 S.W.3d 489 (2004).

24. *Country Corner Food and Drug, Inc. v. First State Bank and Trust Co. of Conway, Ark.*, 332 Ark. 645, 966 S.W.2d 894 (1998).

25. *See, e.g.,* *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008).

26. *Id.*

Auto "are premised on the existence of coverage under the Policy," and that in the event the circuit court's grant of summary judgment is reversed, he has asserted claims against State Auto sufficient to avoid dismissal under Ark. R. Civ. P. 12(b)(6). Since appellant has conceded that his complaint against State Auto is sufficient to avoid dismissal under Rule 12(b)(6) only if the summary judgment in favor of Beacon is reversed, and has cited no legal authority or convincing argument to show that the complaint is sufficient otherwise, we find no grounds to find that the circuit court abused its discretion in granting State Auto's motion to dismiss. Accordingly, we affirm.

Affirmed.

PITTMAN and ABRAMSON, JJ., agree.