DAVID M. GLOVER, Judge
Abdul Muhummad appeals from a March 16, 2018 order denying him free copies of files associated with a replevin action (which he filed May 11, 2017, and the trial court dismissed November 30, 2017) and denying his motion to amend his complaint and file a supplemental pleading in the dismissed replevin action. He contends 1) the trial court abused its discretion in denying his request for a copy of his case file after it was seized from him by prison authorities, and 2) the trial court abused its discretion in not allowing him to amend his complaint to include subsequent incidents related to the original complaint in replevin that occurred outside the ninety-day time period referenced in the order but were relevant to the complaint. We affirm.
Abdul is an inmate in the Arkansas Department of Correction and a self-described jailhouse lawyer. Prison rules limit the amount of property that can be stored in inmates' cells; the limit is that which will fit within a provided storage box under the bed. For some time, prison personnel had allowed Abdul to exceed those limits; but when the warden learned Abdul had items that exceeded the allowed storage space, he instructed they be taken from Abdul's cell. The items consisted of legal documents for projects Abdul was working on. Prison rules further provide that if the legal materials are not related to active litigation or appeals, an inmate may store the documents for a maximum of forty-five days but is responsible for disposing of them either by "passing them off" at visitation or through the United States Postal Service at his or her expense. An inmate is allowed to access the stored legal materials by using the inmate request system.
On March 7, 2017, the prison grievance office received a unit-level-grievance form from Abdul explaining his concern about *41 the seizure of his documents. On March 30, 2017, the warden issued his decision, finding the complaint to be without merit. On March 31, 2017, Abdul pursued an appeal of the decision, which, on April 13, 2017, was found to be without merit and denied.
On May 11, 2017, Abdul filed a petition for writ of replevin in the Jefferson County Circuit Court seeking the return of the items that had been removed. On June 29, 2017, appellee Warden Danny Burl filed a motion to dismiss the petition. On November 30, 2017, the trial court granted the motion based on failure to state a claim for which relief could be granted. On December 19, 2017, more than ten days after entry of the November 30 order of dismissal in the replevin action, Abdul filed a motion for relief from judgment pursuant to Arkansas Rule of Civil Procedure 60. The motion was never ruled on by the trial court. No appeal was filed from the dismissal of the replevin action.
In a letter to the Jefferson County Circuit Clerk, filed February 8, 2018, Abdul sought only a copy of his court file; he did not seek an order for prison officials to return the files taken from his cell. In the letter, he asked the clerk to advise him if the proper channel was to petition the trial court and also requested that the letter be file-marked and placed in his file.
Then, on March 12, 2018, more than ninety days after entry of the November 30 order dismissing the replevin action, Abdul filed a motion to file a supplemental pleading and to amend his complaint in the previously dismissed replevin action. In it, he basically contended that events had occurred since he filed his original replevin complaint and his Rule 60 motion for relief from judgment; he wanted permission to amend his original complaint and for his motion for reconsideration to include the subsequent events and to also add a claim for the tort of conversion.
On March 16, 2018, the trial court entered the order from which Abdul brings this appeal. The substance of the March 16 order addressed the February 8, 2018 letter request to the circuit clerk for a copy of Abdul's case file, apparently treating it as a petition, and Abdul's March 12, 2018 motion to file the supplemental pleading and to amend the replevin complaint. With respect to the February 8 letter, the trial court ruled, "Petitioner may obtain copies at the per-page cost established by law. He is not entitled to a free copy of the documents." With respect to the March 12 motion to file the supplemental pleading and to amend the replevin complaint, the trial court ruled, "The motion is not timely in that more than 90 days have passed since the dismissal of the case." This appeal followed.
For his first point of appeal, Abdul contends the trial court abused its discretion in denying his request for a copy of his case file at public expense after it was impermissibly seized by prison authorities. We disagree.
As noted in the State's brief, Abdul employs an "abuse of discretion" standard of review in making his arguments, but "clear error" is the correct standard of review. The standard of review for cases in which the trial court sits as fact-finder is whether the trial court's findings are clearly erroneous. Jones v. Centennial Bank , 2018 Ark. App. 337, 553 S.W.3d 151. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made by the trial court. Id.
Abdul's basic arguments under this point of appeal are that prison officials seized his files because they had his Muslim name on them, and the trial court *42 should have either ordered the prison staff to return his files or, alternatively, ordered the court clerk to provide him with a copy because he could not continue to prosecute his claim without the file.
We first note that Abdul's letter to the Jefferson County Circuit Clerk contained only a request for a copy of the case file; it made no request for an order directing prison officials to return the items taken from his cell. Consequently, the copy request is the only issue before us pursuant to the February 8 letter/petition. Next, we assume it is the refusal to provide him a copy at public expense that Abdul contends was a mistake because the trial court did not deny his request for the files but rather informed Abdul he could obtain copies "at the per-page cost established by law." We find no clear error in the trial court's decision that Abdul was not entitled to copies of his files at public expense.
The legal authority cited by Abdul in support this point of appeal addresses only the standard of review. He cites no legal authority to support his argument that the trial court was wrong in denying his request for a free copy of his case file at public expense. See generally Fulton v. Beacon Nat'l Ins. Co. , 2012 Ark. App. 320, 416 S.W.3d 759. Moreover, as noted by the State, our supreme court, dealing with an FOIA request, held that an inmate was not entitled to free copies of pleadings previously filed when the inmate cited no postconviction remedy available to him and made no showing of compelling need:
An incarcerated person desiring a photocopy of material on file with the clerk may write this court, remit the photocopying fee, and request that the copy be mailed to the prison. Id. All persons must bear the cost of photocopying unless this court has granted a motion for a copy of the requested material at public expense.
Scott v. State , 2018 Ark. 75, at 2-3, 540 S.W.3d 279, 280 ; see also Moore v. State , 324 Ark. 453, 921 S.W.2d 606 (1996). The situation is somewhat comparable to that presented here. Abdul did not present an order or assert or demonstrate entitlement to having the copies provided at public expense.
In short, Abdul has alleged, but has not established, that he was being denied access to his replevin case file. According to the trial court's order, he was free to obtain a copy of his case file as long as he paid for it. He has alleged, but has not established, that his files were seized because his Muslim name was on them. The underlying replevin case was dismissed with no appeal, the prison administrative grievance procedure found no merit in his claims, and he did not claim or provide any proof that he was indigent. We are not left with a definite and firm conviction that the trial court made a mistake in denying his request for a copy of his case file at public expense.
For his remaining point of appeal, Abdul contends the trial court abused its discretion in denying his motion to amend his dismissed replevin complaint to add subsequent incidents related to the original complaint in replevin and to add the claim for tort of conversion pursuant to the relation-back doctrine under Rule 15 of the Arkansas Rules of Civil Procedure. We disagree.
Here, as previously explained, on May 11, 2017, Abdul filed a petition for writ of replevin in the Jefferson County Circuit Court seeking the return of the items that had been removed. On June 29, 2017, Warden Burl filed a motion to dismiss the petition. On November 30, 2017, the trial court granted the motion based on failure to state a claim for which relief could be granted. On December 19, 2017, more than *43 ten days after entry of the November 30 order of dismissal in the replevin action, Abdul filed a motion for relief from judgment pursuant to Arkansas Rule of Civil Procedure 60. The motion was never ruled on by the trial court.[1] No appeal was filed from the dismissal of the replevin action. Then, on March 12, 2018, more than ninety days after entry of the November 30 order dismissing the replevin action, Abdul filed a motion to file a supplemental pleading and to amend his complaint in the earlier dismissed replevin action. The March 12 motion contained no arguments that would arguably fit within Rule 60(b) (clerical errors) or Rule 60(c) (grounds for setting aside judgment after 90 days).
The trial court correctly determined that the March 12 motion was filed more than ninety days after entry of the November 30 order dismissing the replevin action. Accordingly, the trial court was without jurisdiction to vacate, modify, or set aside the November 30 order dismissing the replevin action. As our supreme court explained in Dye v. Diamante , 2017 Ark. 37, at 5, 509 S.W.3d 643, 646.
Further, we must address the order from which Dye appeals. We hold that the circuit court was without jurisdiction to enter its April 2016 order granting reconsideration and awarding judgment for costs. The trial court loses jurisdiction to set aside or modify an order under Rule 60 if it does not do so within ninety days of the entry of the original order, even though petitioner's motion may have been filed prior to the expiration of that period. Henson v. Wyatt , 373 Ark. 315, 317, 283 S.W.3d 593, 595 (2008). Here, the circuit court ruled outside of the ninety-day limitation, and no clerical error or other ground for setting aside a judgment was alleged. See Ark. R. Civ. P. 60(b)(c).
Here, Abdul filed his March 12 motion to amend and supplement the pleading in the dismissed replevin action more than ninety days after the replevin action was dismissed. The trial court was without jurisdiction to act further in the replevin action. Accordingly, we hold there was no error in the trial court's denial of Abdul's motion to amend and supplement, and it is unnecessary to address Abdul's arguments based on Rule 15 of the Arkansas Rules of Civil Procedure.
Affirmed.
Gladwin and Vaught, JJ., agree.

The December 19 motion was not filed within ten days of the November 30 dismissal order; therefore, it was not deemed denied by operation of law because Rule 60 contains no deemed-denied provision, and Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil would apply only if the motion had been filed within ten days. See Dale v. White , 2018 Ark. App. 172, 545 S.W.3d 812.