CITY of CENTERTON, a Municipal Corporation *v.*
CITY of BENTONVILLE, a Municipal Corporation, and George and Nancy Huber, Daniel and Ruby Davies, Sandra and Gary Townsend, and Lois Peters Revocable Trust

08-380                                                     289 S.W.3d 53

Supreme Court of Arkansas
Opinion delivered November 6, 2008

[Rehearing granted November 18, 2008.*]

---

* IMBER, J., would deny rehearing.

*Slinkard Law Firm*, by: *Andrew R. Huntsinger*, for appellant.

*Clark, & Spence*, by: *George R. Spence*, Bentonville City Attorney, for appellee City of Bentonville.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *L. Kyle Heffley*, for appellees George and Nancy Huber, Daniel and Ruby Davies, and Lois Peters Revocable Trust.

J IM HANNAH, Chief Justice. The City of Centerton appeals an October 11, 2007 order declaring the City's annexation ordinance invalid. We lack jurisdiction to hear this appeal.

■ The order appealed from was entered on October 11, 2007. Centerton filed a posttrial motion to amend the judgment on October 14, 2007. A posttrial motion extends the time within which to file the notice of appeal to thirty days from the date the posttrial motion is decided. *See* Ark. R. App. P.–Civ. 4(b)(1). However, if the circuit court fails to decide the motion within thirty days, the motion is deemed denied as of the thirtieth day. *Id.*

■ The thirty days within which the circuit court had to decide the motion ran November 23, 2007, and the court did not decide the motion until November 30, 2007. Thus, the motion was deemed denied on November 23, 2007. Centerton had thirty days from November 23, 2007, or until December 26, 2007, to file the notice of appeal. It was filed on December 28, 2007. Pursuant to Ark. R. App. P.–Civ. 4(a), the notice of appeal had to be filed within thirty days of entry of the judgment appealed from. *See Murchison v. Safeco*, 367 Ark. 166, 238 S.W.3d 11 (2006). This court may not hear the appeal. It is dismissed.

## SUPPLEMENTAL OPINION ON GRANT OF REHEARING
## DECEMBER 11, 2008

No briefs filed.

P ER CURIAM. ■ The City of Centerton petitions this court for rehearing. This court dismissed Centerton's appeal on November 5, 2008, based on a lack of jurisdiction due to a failure to file the notice of appeal within thirty days as required under Ark. R. App. P.–Civ. 4(a). Our decision was based on a file stamp that appeared to indicate filing on December 28, 2007, and this conclusion was affirmed by the signature date of December 27, 2007, on the notice of appeal. We have now received an affidavit from the Benton County Circuit Clerk clarifying that the notice of appeal was filed on December 26, 2007, and not on December 28, 2007. The signature date of December 27, 2006, was apparently a scrivener's error. This makes the notice of appeal timely. We grant the petition for rehearing, and the appeal in this case will be heard and decided.

We also take this opportunity to address the subject of file marks more generally. The rights of litigants, including criminal appellants, turn on accurate file marks. Clerks should assure that file stamps produce clear and legible file marks. They should assure that stamps are always sufficiently inked to provide a clearly legible mark. Those placing the file marks should check to see that the file mark produced is clear and legible and that it is dark enough to be

legible on copies. Further, while not present in the case at issue, all too often a file mark is placed over the top of other printing on the page. This frequently makes the file mark unreadable or nearly unreadable. File marks should never be stamped on top of other printing. We also ask counsel to assure that documents have legible file marks. They should take particular care in assuring that all records and addenda contain copies of documents with legible file marks.

IMBER, J., would deny.