SLIP OPINION



Cite as 2016 Ark. App. 539

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-16-98

| | |
|---|---|
| | Opinion Delivered November 9, 2016 |
| MEGAN BALLARD<br>APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV-2014-235] |
| V. | |
| ALLY FINANCIAL, INC.<br>APPELLEE | HONORABLE THOMAS M. HUGHES, JUDGE |
| | DISMISSED |

## BRANDON J. HARRISON, Judge

Megan Ballard appeals the default judgment entered in favor of Ally Financial, Inc. Ally has filed a motion to dismiss the appeal, arguing that Ballard has not appealed from a final, appealable order. We grant the motion and dismiss Ballard's appeal.

On 26 June 2014, Ally filed a replevin complaint against Christine and James Lemons, alleging that the Lemonses bought a 2011 Dodge Challenger in July 2011, that Ally held the sales contract, and that the Lemonses had defaulted on their payments. Christine and James Lemons were served with the complaint in August 2014, but neither party responded. The same month the Lemonses were served, Ballard, who was not a named party, filed a statement with the circuit court indicating that the Dodge Challenger had been left at her facility for repairs, that the bill had not been paid, and that she had procured an abandoned title and sold the car.

In December 2014, Ally amended its complaint to include Ballard as a named defendant, and Ballard was served in January 2015. Ballard failed to answer, and in August 2015, Ally filed a motion for default judgment against Ballard. In October 2015, the circuit court entered an order of default judgment against Ballard for conversion. Ballard filed a notice of appeal from this order in November 2015. In December 2015, about one month after the only notice of appeal had been filed, the circuit court entered a separate order dismissing the Lemonses without prejudice. Ballard did not amend her prior notice of appeal, or file a new notice, after the December 2015 order dismissing the Lemonses had been entered. Instead, she initiated her appeal with this court by filing the circuit-court record with this court's clerk in early February 2016.

Not long after the record on appeal had been filed, Ally moved to dismiss this appeal, arguing that this court lacks jurisdiction because Ballard's only notice of appeal designated a nonfinal order (the default judgment) and she did not amend her notice of appeal after the order dismissing the Lemonses had been filed. Ballard resists Ally's motion by arguing, among other things, that Ally was precluded from pursuing any remaining claims against the Lemonses because a stay was issued in the Lemonses' separate bankruptcy proceeding; that the conversion claim, the "meritorious issue on appeal," had been fully litigated and was ripe for review; and that the Lemonses' dismissal was merely a "housekeeping matter" that did not affect finality. In the alternative, Ballard asks that her appeal be dismissed without prejudice, if it is going to be dismissed.

We must dismiss this appeal because the default judgment, which Ballard sought to appeal, was not a final order because Ally's claims against the Lemonses had not been

adjudicated or dismissed when the default judgment was entered. V*imy Ridge Mun. Water Improvement Dist. No. 139 v. Ryles*, 369 Ark. 217, 253 S.W.3d 436 (2007) (holding that an order is not a final, appealable order when it does not dispose of the complaints against all of the defendants). Given the course of events, we dismiss the appeal with, rather than without, prejudice. When the Lemonses were dismissed from the case, at Ally's request, a final, appealable order was created under the case law. Once the final order (the Lemonses' dismissal) was entered, then a timely notice of appeal was required to vest this court with appellate jurisdiction. But Ballard did not file a notice of appeal after the final order had been entered. And it is too late to do so now.

Caselaw supports our position. In *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996), our supreme court established that voluntarily dismissing an opposing party can create finality. Applying *Driggers* to this case, once the Lemonses as party defendants were dismissed (even voluntarily and without prejudice), all parties and the claims against them were adjudicated, which made, as we have said, the Lemonses' dismissal the final order from which a notice of appeal was required. In another case, *Winkler v. Bethel*, 362 Ark. 614, 210 S.W.3d 117 (2005), our supreme court applied *Driggers* and dismissed an appeal from a summary-judgment order because a timely notice of appeal had not been filed after the entry of the subsequent nonsuit order—the latter order being the one that created finality and therefore triggered the need to file a timely notice of appeal from it. So the court in *Winkler* held that because the nonsuit order created finality, and a timely notice of appeal did not follow the nonsuit order, the court lacked jurisdiction to review the earlier

summary-judgment order that was the true target of the intended appeal. This case is, in principle, indistinguishable from *Winkler* on the appellate-jurisdictional point.

The two cases Ballard cited to support a dismissal without prejudice, *National Home Centers, Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007), and *Labry v. Metropolitan National Bank*, 2012 Ark. App. 189, are distinguishable because they were appeals from nonfinal orders, and a final, appealable order had never been entered in those cases. To dismiss Ballard's appeal without prejudice would run afoul of supreme court precedent. It would also imply that some action could be taken in the circuit court to create finality, but finality was created in this case when the circuit court entered the December 2015 order that dismissed the Lemonses.

The appeal is dismissed with prejudice.

Dismissed.

VIRDEN and BROWN, JJ., agree.

*Michelle Harkey*, for appellant.

*Joseph F. Kolb*, for appellee.