SLIP OPINION

Cite as 2017 Ark. 192

# SUPREME COURT OF ARKANSAS

No. CV–15–943

| | |
|---|---|
| | **Opinion Delivered:** May 25, 2017 |
| DEBBIE WORSHAM<br>APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT<br>[NO. CV-2012-97] |
| V. | |
| ROY DAY AND TERESA DAY<br>APPELLEES | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| | APPEAL DISMISSED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Debbie Worsham appeals the Franklin County Circuit Court's order granting appellees Roy and Teresa Days' motion for judgment notwithstanding the verdict ("JNOV") or for a new trial. For reversal, Worsham argues that (1) the circuit court abused its discretion in granting a new trial based on inconsistent verdicts because the Days failed to object to any inconsistency before the jury was discharged; (2) the circuit court abused its discretion in granting a new trial because a jury can find liability on multiple theories as long as damages are not duplicated; and (3) the Days waived their right to object to any irregularities or inconsistencies stemming from the jury instructions or the verdict forms by consenting to their use. We accepted certification of this case from the court of appeals pursuant to Arkansas Supreme Court Rule 1–2(b)(1) because it involves an issue of first impression regarding appellate jurisdiction. We dismiss the appeal.

On July 25, 2012, Worsham filed a complaint for breach of contract against the Days. Worsham alleged that on May 9, 2012, the parties had executed a contract for the sale of Worsham's liquor store in Altus, Arkansas, for the purchase price of $225,000. The Days paid Worsham $10,000 in earnest money in conjunction with the signing of the contract. Despite the fact that the Days took possession of the store on May 31, 2012, pursuant to the terms of the contract, Worsham indicated that the Days had informed her in early July 2012 that they were no longer interested in buying the business and that they would not be paying the remaining balance of $215,000.

Worsham filed an amended complaint on October 31, 2013, adding a claim for promissory estoppel. The Days answered and denied the allegations in the complaint, and they also filed counterclaims for unjust enrichment and fraudulent misrepresentation.

The jury trial was held on March 10 and 11, 2015, and the jury found for Worsham on her claim for breach of contract, awarding her $115,000 in damages.[1] The jury also found in favor of Worsham on her promissory-estoppel claim, awarding her zero damages, and rendered verdicts against the Days on their counterclaims. The verdict forms were filed on March 11, 2015.

On March 23, 2015, the Days filed a motion for JNOV or for a new trial. The Days argued that the jury verdict in favor of Worsham on her breach-of-contract claim should be set aside due to insufficient evidence. Alternatively, the Days contended that a new trial should be granted because the jury verdicts finding in favor of Worsham on both her breach-

---

[1] Worsham presented evidence at trial that she had mitigated her damages by selling the liquor store to third parties in September 2012 for $100,000.

of-contract and promissory-estoppel claims were contradictory and incompatible. Worsham filed a response to the motion on April 13, 2015.

The circuit court held a hearing on the motion for JNOV or for a new trial on July 14, 2015. The court then entered an order granting the motion on July 21, 2015, finding that the jury verdicts were improper and inconsistent and that they should be set aside in favor of granting a new trial. On August 3, 2015, Worsham filed a motion to reconsider the circuit court's order, which was denied. Worsham then filed a timely notice of appeal and amended notice of appeal from the circuit court's orders granting a new trial and denying her motion to reconsider.

On appeal, the court of appeals remanded this case to settle and supplement the record because there was no written judgment in the record or addendum from the circuit court reflecting the jury's verdicts. *Worsham v. Day*, 2016 Ark. App. 262. Following the court of appeals' opinion, Worsham filed a motion to enter judgment on May 19, 2016. On May 25, 2016, the circuit court entered a "Judgment Upon Jury Verdict," which was consistent with the jury's verdicts. Worsham then filed a supplemental record with the court of appeals containing this judgment, and we accepted certification of this appeal on March 17, 2017.

The court of appeals certified this case to us to determine the threshold question of whether we have jurisdiction to decide the issues raised by Worsham in this appeal. Whether an appellant has filed a timely and effective notice of appeal is always an issue before an appellate court; absent an effective notice of appeal, we lack jurisdiction to

SLIP OPINION

consider the appeal and must dismiss it. *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1; *McJames v. State*, 2010 Ark. 74.

Pursuant to Arkansas Rule of Appellate Procedure—Civil 4(a) (2016), a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. However, upon the timely filing of a motion for JNOV under Arkansas Rule of Civil Procedure 50(b) or a motion for a new trial under Arkansas Rule of Civil Procedure 59(a), or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of the judgment, the time for filing the notice of appeal is extended and must be filed within thirty days from entry of the order disposing of the last posttrial motion. Ark. R. App. P.—Civ. 4(b)(1). A motion for JNOV or for a new trial is timely if filed no later than ten days after entry of the judgment, and if the motion is made before entry of the judgment, it shall become effective and be treated as filed on the day after the judgment is entered. Ark. R. Civ. P. 50(b)(2) (2016); Ark. R. Civ. P. 59(b) (2016).

If the circuit court neither grants nor denies the posttrial motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days of that date. Ark. R. App. P.— Civ. 4(b)(1). Further, a notice of appeal filed before disposition of the posttrial motions listed in Rule 4(b)(1) shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied. Ark. R. App. P.—Civ. 4(b)(2). Such a notice is effective to appeal the underlying judgment, decree, or order; however, a party who also seeks to appeal from the grant or denial of the motion shall within thirty days amend the previously filed notice of appeal. *Id.*

Applying the foregoing rules to the facts in this case, we conclude that we must dismiss this appeal for a lack of appellate jurisdiction. While the jury-verdict forms were filed, there was no judgment on the jury's verdict entered until May 25, 2016. Arkansas Rule of Civil Procedure 58 (2016) provides that every judgment or decree shall be set forth on a separate document and that a judgment is effective only when entered in accordance with Administrative Order Number 2. Administrative Order Number 2 states that the clerk shall denote the date and time that a judgment is filed by stamping or otherwise marking it with the date and time and the word "filed" and that a judgment is entered when so stamped or marked by the clerk. Ark. Sup. Ct. Admin. Order No. 2 (2016).

Pursuant to Arkansas Rules of Civil Procedure 50(b)(2) and 59(b), the Days' March 23, 2015 motion for JNOV or for a new trial was treated as filed on May 26, 2016, the day after the circuit court entered the judgment. However, there was no order by the circuit court granting this posttrial motion subsequent to the entry of the judgment on May 25, 2016. A circuit court's order granting a new trial is a nullity where a valid judgment has not yet been entered. *See, e.g.*, *State v. Richardson*, 2009 Ark. 206, 306 S.W.3d 11 (holding that a motion for new trial was ineffective in the absence of a valid judgment and commitment order, thus depriving the circuit court of any basis in law for granting the motion and rendering its order granting a new trial a nullity). Under Arkansas Rule of Appellate Procedure—Civil 4(b)(1), the Days' posttrial motion was deemed denied thirty days after its May 26, 2016 filing date. Neither party filed a notice of appeal or amended notice of appeal after the judgment was entered, and, accordingly, we have no timely and

effective notice of appeal from the disposition of the posttrial motion. Therefore, we must dismiss this appeal, and the jury's verdict stands.

Appeal dismissed.

*Molly Lucas* and *Marcus Vaden*, for appellant.

*Robbins Law Firm*, by: *Michael S. Robbins*, for appellees.

CV–15–943