
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-17-107

|  |  |
|---|---|
| | **Opinion Delivered** November 15, 2017 |
| BROOKE ASHLEY MILLER AND KERRY COLEMAN | |
| | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. 17PR-16-261] |
| V. | |
| | HONORABLE GARY COTTRELL, |
| JASON EDWARD MOORE AND MANESSEH BLYTHE MOORE | JUDGE |
| | DISMISSED IN PART; REMANDED |
| APPELLEES | FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION |

## DAVID M. GLOVER, Judge

This is an adoption case. Brooke Ashley Miller is the biological mother of B.A.M., who was approximately four years old at the time of the adoption. Kerry Coleman is purportedly the child's biological father.[1] The adoptive parents are Jason and Manesseh Moore, and Jason is Brooke's first cousin. The adoption decree was entered on November 2, 2016. Brooke and Kerry each filed timely notices of appeal challenging the adoption on several bases. We are without appellate jurisdiction to consider the arguments raised by Brooke in this appeal and dismiss her portion of the appeal; however, Kerry's issues are properly before us and have convinced us this case must be remanded to the trial court for further proceedings consistent with this opinion.

---

[1]Although it was alleged that Kerry filed a motion to intervene in this action, the motion is not part of this record.

It is undisputed Brooke initiated this adoption by contacting Jason Moore and asking him and Manesseh to adopt B.A.M. On October 4, 2016, Brooke signed a document entitled Consent to Adoption & Waiver of Service. B.A.M. has been living with the Moores since that date. Brooke did not begin her attempts to withdraw her consent until after the ten-day period for withdrawal had expired. On October 31, 2016, the Moores filed their petition for adoption and attached the consent and waiver executed by Brooke.

The petition was presented to the trial court on November 2, 2016. Neither Brooke nor Kerry was present. Brooke had waived her rights to notice along with her consent to the adoption, but Kerry alleges he had no idea the adoption was even in motion. Before the court was Brooke's consent and waiver and representations that the child's father was unknown and that a search of the putative-father registry had revealed nothing. A November 2, 2016 letter from the Arkansas Department of Health certified that there was no information in the registry regarding a putative father for B.A.M. The adoption petition was granted and the decree entered on November 2, 2016.

On November 8, 2016, Brooke filed an affidavit and revocation of consent to adoption. On November 14, 2016, which was within ten days of entry of the decree, Brooke filed a motion to vacate the decree of adoption pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure. On November 21, 2016, Brooke filed her notice of appeal from the November 2, 2016 adoption decree; Kerry filed a motion to set aside the decree of adoption pursuant to Rule 60(a); and Kerry also filed a notice of appeal from the November 2, 2016 decree. In his verified motion to set aside the decree, Kerry averred in part that he is B.A.M.'s biological father and "was adjudicated the same in the Circuit Court

of Lonoke County, in Case No. 43DR-2013-502." On November 29, 2016, Brooke and Kerry filed a joint petition for an expedited motion-hearing date, which was in addition to e-mail correspondence that preceded the motion attempting to get a hearing date for the motions. No hearing was ever set, and the trial court never ruled on either motion. These appeals followed.

We begin with Brooke's appeal, which raises six points: 1) the trial court failed to obtain personal jurisdiction over Brooke; 2) the trial court erred in failing to hold a hearing in accordance with Arkansas Code Annotated section 9-9-212; 3) the trial court erred in finding the minor child's father was unknown, absent documentary evidence, and that his consent was not required, due to the fraudulent concealment on the part of the Moores and their counsel; 4) the trial court erred when it found that a valid consent had been obtained from the minor child's mother and that no person had made any objection to the entry of a final decree of adoption, due to the fraudulent concealment on the part of the Moores and their counsel; 5) the Moores failed to comply with the mandatory, statutory requirements before entry of the final decree; and 6) the trial court erred when it found the Moores met their required burden of proof to show that the adoption was in the best interest of the minor child. We lack appellate jurisdiction to address these issues.

All of the arguments Brooke makes to our court in her appeal were contained in her motion to vacate pursuant to Rule 60(a) of our rules of civil procedure, which she filed within ten days from the date of entry of the adoption decree. Arkansas Rule of Appellate Procedure–Civil 4(b) provides in pertinent part:

(b) Extension of Time for Filing Notice of Appeal.

(1)  Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), *or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment*, the time for filing a notice of appeal shall be extended for all parties.  The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding.  *However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.*

(2)  A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law.  Such a notice is effective to appeal the underlying judgment, decree, or order.  *A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e)*.  No additional fees will be required for filing an amended notice of appeal.

(Emphasis added.)  Rule 4 was amended in February 2001 to add the language "any other

motion to vacate, alter, or amend the judgment made no later than 10 days after entry of

judgment."  The reporter's note concerning this amendment explains:

Rule 4(b)(1) has been amended to clarify which post-trial motions extend the time for filing the notice of appeal. Confusion has arisen in the past as to the effect of a motion other than the three specified in the rule.  *See, e.g., McCoy v. Moore*, 338 Ark. 740, 1 S.W.3d 11 (1999).  Under the amended rule, timely motions under Rules 50(b), 52(b), and 59(a) extend the time, *as does "any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment."*  For example, a motion to set aside the judgment pursuant to Rule 60 extends the time for filing the notice of appeal, *so long as it is made no later than 10 days after the judgment is entered*. The 10-day period corresponds to the time frame for motions under Rules 50(b), 52(b), and 59(a).

(Emphasis added.)  The notice of appeal Brooke filed was from the decree itself, but that

notice was not amended when her Rule 60(a) motion to vacate was deemed denied.

Consequently, we are without appellate jurisdiction to consider the arguments she raised in

SLIP OPINION

her motion to vacate because the deemed denial of those issues was not appealed. *See Worsham v. Day*, 2017 Ark. 192, 519 S.W.3d 699. We therefore dismiss her appeal.

Turning to Kerry's appeal, we consider the two points he raises: 1) he did not consent to the adoption so the trial court lacked jurisdiction to grant the adoption decree, and 2) the trial court did not strictly/substantially comply with the adoption statutes and the noncompliance was so extensive it rendered the adoption decree void. As with Brooke's motion, the trial court did not enter a ruling on Kerry's "Rule 60(a) motion" to set aside the decree. However, because Kerry filed his motion outside the ten-day window following entry of the decree, the "deemed-denied" prong in Ark. R. App. P.–Civ. 4 does not apply to his motion, and Rule 60 itself contains no "deemed-denied" provision. *See, e.g., Office of Child Support Enf't v. Dickens*, 2009 Ark. App. 195, 300 S.W.3d 122. Even so, in *Petrohawk Energy Corp. v. Butler*, 2014 Ark. App. 89, we described Rule 60(a)'s ninety-day deadline as "a rule-imposed time period in which a court must act." *Id.* at 4. It is not necessary for us to decide whether the trial court would now be without jurisdiction to hear Kerry's "Rule 60(a) motion" due to the expiration of the ninety-day period. That is because, even though Kerry styled his motion as one pursuant to Ark. R. Civ. P. 60(a), the substance of his argument was that the adoption decree itself was null and void because he had earlier been adjudicated B.A.M.'s father, yet he never received notice of the adoption proceedings and never gave his consent to the adoption as required by the adoption statutes and due process. Among other authorities, he cites Arkansas Code Annotated section 9-9-206(a)(2)(E) (petition to adopt may be granted only if written consent has been executed by the minor's father if . . . a court has adjudicated him to be the legal father prior to the time the petition

for adoption was filed); and section 9-9-212(d)(1) (requiring notice of the filing of a petition and of the time and place of hearing to any person whose consent to the adoption is required but who has not consented).

In *Mayberry v. Flowers*, 347 Ark. 476, 485, 65 S.W.3d 418, 424 (2002), our supreme court addressed the issue of a one-year limitation period, and the court balanced the need for finality in adoptions with our basic notion of due process, explaining:

> In holding as we do in this case, we are not unmindful of the need for finality in adoptions and the strict construction that must be accorded the one-year limitation period in section 9-9-216. We are, however, equally aware that the right of a natural parent to the custody of his or her child is "one of the highest of natural rights." Due process requires, at a minimum, notice reasonably calculated to afford a natural parent the opportunity to be heard before his or her parental rights are terminated through adoption. Thus, before actual notice may be deemed an adequate substitute for the notice required by section 9-9-212 and Rule 4, it must be gained prior to the entry of the adoption decree. Knowledge after the decree is entered, even if it is gained within the one-year limitations period, will not suffice.

(Citations omitted.) We do not decide the issues presented by Kerry because, through no fault of his, the trial court never ruled on them, and the record before us is not sufficient to address them. Instead, we remand this matter to the trial court for further proceedings consistent with this opinion to address the substance of Kerry's motion and to determine whether the adoption decree is void.

Dismissed in part; remanded for further proceedings consistent with this opinion.

HARRISON and VAUGHT, JJ., agree.

*Melikian Law Firm*, by: *Scarlett R. Melikian* and *Patrick D. Melikian*, for appellant Brooke Ashley Miller.

*Greg Crumpton, P.A.*, by: *Greg Crumpton*; and *Wilson & Haubert, PLLC*, by: *Stefan K. McBride*, for appellant Kerry Coleman.

*Keith M. Kannett*, for appellees.