RAYMOND R. ABRAMSON, Judge
Blake Dale appeals following a bench trial in the Benton County Circuit Court. On appeal, Dale argues that the circuit court erred by (1) failing to award him prejudgment interest and limiting his postjudgment interest to four percent; (2) excluding estimates for future dental and orthodontic expenses; (3) refusing to award him damages for his emergency-room bill and awarding those damages to the hospital; and (4) not awarding him punitive damages. We affirm in part and reverse and remand in part.
On February 8, 2016, Dale filed suit against Jeremy White alleging claims for assault, battery, and breach of contract. The complaint alleged that White kicked Dale in the face multiple times which resulted in damage to Dale's "bite structure." Dale attached a written contract to the complaint in which White assumed financial responsibility for Dale's dental expenses if Dale agreed to forgo criminal charges and any further legal action.
The court held a bench trial on March 1, 2017. The testimony at trial showed that during a social gathering at White's home, White and Dale got into a physical altercation, resulting in injury to Dale's mouth and teeth. The incident occurred around 1:00 or 2:00 a.m. Both White and Dale testified that they had been drinking alcohol throughout the evening. Dale admitted that he had used rude language toward White, and White admitted that he "threw the first punch."
Dale testified that immediately after the incident, he filed a police report and went to the emergency room at Northwest Arkansas Hospital. He later went to an orthodontist *815 and a dentist. At the dentist, Dale received a cleaning and an estimate for reconstruction of his teeth. At the orthodontist, he received an estimate for braces. Dale testified that he and White eventually agreed that he would drop the criminal charges against White in exchange for White's paying his dental expenses, as evidenced by the written contract. White paid for the dental cleaning but refused to pay the emergency-room bill, the orthodontic estimate, or the dental estimate.
During trial, Dale introduced into evidence a statement from Northwest Arkansas Hospital, showing a summary of charges for $8937.95 for an emergency room visit. The statement shows the total amount due as zero dollars. Dale testified that he did not make any payments toward the $8937.95 and had no intention of paying it, but he argued the collateral-source rule allowed him to recover the sum.
Dale attempted to introduce into evidence the estimates from the orthodontist and dentist. Specifically, the document from the dentist is labeled "TREATMENT PLAN" and totals $1545. The document from the orthodontist is labeled "Payment Options" and shows an estimated balance of $6125. The court excluded the evidence as hearsay because the estimates were for future medical expenses, not medical expenses incurred, and Dale failed to offer a witness to authenticate the documents.
At the conclusion of trial, the court found in favor of Dale. However, the court found that the only evidence of damages was the dental bill for the cleaning and the Northwest Arkansas Hospital statement. As to the dental bill, the court found that the evidence showed that White had already paid the bill. As to the hospital statement, the court found that Dale had not paid the hospital and had no intention of paying the hospital. Accordingly, the court ordered White to pay $8937.95 directly to Northwest Arkansas Hospital, and if the hospital declined the payment, the court ordered the funds to be returned to White. The court awarded Dale $700 for pain and suffering but denied him any punitive damages.
Prior to the entry of the written judgment, on March 10, 2017, Dale filed a motion for a new trial. He argued that the court erred by excluding the orthodontic and dental estimates, by directing the judgment to Northwest Arkansas Hospital, and by denying him punitive damages.
On April 27, 2017, the court entered a written judgment. The written order reflects the court's oral rulings. As to the $8937.95 emergency-room bill, the court stated that Dale
is not entitled to a windfall for medical bills he didn't ever pay; however, the Court has determined that judgment will be entered against the Defendant in the sum of eight thousand thirty-seven dollars and ninety-five cents ($8,937.95), which judgment may be satisfied only by direct payment to Northwest Arkansas Hospital in Bentonville, Arkansas. Should the hospital determine not to retain said sums, those sums shall be returned to the Defendant.
The court awarded Dale postjudgment interest at the rate of four percent per annum.
Following the entry of the judgment, the court did not enter an order on Dale's motion for a new trial, and pursuant to Arkansas Rule of Civil Procedure 59(b),[1] *816 the motion was deemed denied on May 28, 2017. Dale filed a notice of appeal on June 1, 2017.
On June 16, 2017, Dale filed a motion for relief from judgment pursuant to Arkansas Rule of Civil Procedure 60. In the motion, he argued that the court failed to award him prejudgment interest and failed to award him postjudgment interest at ten percent per annum pursuant to Arkansas Code Annotated section 16-65-114. The court did not rule on the motion, and Dale filed an amended notice of appeal on August 9, 2017, to include the denial of his Rule 60 motion.
We now turn to the issues on appeal. Dale argues that the circuit court erred by (1) failing to award him prejudgment interest and limiting his postjudgment interest to four percent; (2) excluding estimates for future dental and orthodontic work; (3) refusing to award him damages for his emergency room bill and awarding those damages to the hospital; and (4) not awarding him punitive damages.
As to Dale's first issue on appeal concerning prejudgment and postjudgment interest, we hold that Dale failed to obtain a ruling; thus, the issue is not preserved for our review. Dale raised the argument in his Rule 60 motion filed on June 16, 2017, but the circuit court never issued a ruling on the motion. The motion was not deemed denied by operation of law as it was filed more than ten days after entry of the April 27, 2017 judgment, and Rule 60 contains no deemed-denied provision. See Ark. R. App. P.-Civ. 4(b)(1) ; Miller v. Moore , 2017 Ark. App. 619, 535 S.W.3d 651. Accordingly, there is no ruling by the circuit court from which to appeal. See Hurst v. Dixon , 357 Ark. 439, 182 S.W.3d 102 (2004). It is well settled that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. Id. Accordingly, we must affirm on this point.
Dale next argues that the circuit court erred by excluding the orthodontic and dental estimates. He argues that the estimates are evidence of future medical treatments and that they are admissible under Arkansas Code Annotated section 16-46-107 and Arkansas Rule of Evidence 803(6).
We first address Dale's argument concerning Arkansas Code Annotated section 16-46-107. He specifically argues that the circuit court erred in finding that the estimates were inadmissible pursuant to section 16-46-107 because he had not incurred the expenses. He claims that "the statute does not draw that distinction."
We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. State Farm Mut. Auto. Ins. Co. v. Henderson , 356 Ark. 335, 150 S.W.3d 276 (2004). In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. Id. The basic rule of statutory construction is to give effect to the intent of the legislature. Holbrook v. Healthport, Inc. , 2014 Ark. 146, 432 S.W.3d 593. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. Id. In considering the meaning of a statute, this court construes it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id.
*817 Arkansas Code Annotated section 16-46-107 provides as follows:
(a) Upon the trial of any civil case involving injury, disease, or disability, the patient, a member of his family, or any other person responsible for the care of the patient shall be a competent witness to identify doctor bills, hospital bills, ambulance service bills, drug bills, and similar bills for expenses incurred in the treatment of the patient upon a showing by the witness that such bills were received from a licensed practicing physician, hospital, ambulance service, pharmacy, drug store, or supplier of therapeutic or orthopedic devices, and that such expenses were incurred in connection with the treatment of the injury, disease, or disability involved in the subject of litigation at trial.
(b) Such items of evidence need not be identified by the person who submits the bill, and it shall not be necessary for an expert witness to testify that the charges were reasonable and necessary.
In this case, we hold that the circuit court did not err in finding that section 16-46-107 did not apply to the estimates. The statute states the patient shall be competent to identify bills "for expenses incurred. " Ark. Code Ann. § 16-46-107 (Repl. 1999) (emphasis added). Dale admitted that the documents showed only estimates for future expenses and that he had not incurred those expenses. Accordingly, we find no reversible error on this point.
Dale next argues that the circuit court erred in finding that the estimates were inadmissible hearsay because he did not offer the testimony of the custodians. He asserts that the estimates are admissible under Arkansas Rule of Evidence 803(6) because he had a certificate of acknowledgement by the custodians.[2]
Rule 803(6) provides an exception to the hearsay rule for the admission of business records. That exception has seven requirements: (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of regularly conducted business, (6) which has a regular practice of recording such information, (7) all as known by the testimony of the custodian or other qualified witness. McClellan v. State , 81 Ark. App. 361, 101 S.W.3d 864 (2003). Arkansas Code Annotated section 16-46-108(a) provides as follows:
Any record or set of records or photographically reproduced copies of such records which would be admissible under Rule 803(6) or (7) of the Arkansas Rules of Evidence shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7) that such records attached to such affidavit were in fact so kept as required by Rule 803(6) or (7), provided, further, that such record or records, along with such affidavit, are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen (14) days prior to the day upon which the trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, which notice shall *818 identify the name and employer, if any, of the person making the affidavit, and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying.
In this case, Dale merely argues that the estimates are admissible under 803(6) because he offered a certificate of acknowledgment. However, he does not cite subsection 108(a) nor does he explain how the certificates meet the requirements under the subsection.[3] He further did not cite this statute to the circuit court at trial or in his posttrial motion. Accordingly, we find Dale has not established a reversible error on this point. See Jones v. John B. Dozier Land Tr. , 2017 Ark. App. 23, 511 S.W.3d 869 (declining to address whether Arkansas Code Annotated section 16-46-108 permitted admission of business records when neither party raised the statute as a basis for admission before the circuit court or on appeal); Nucor Steel-Ark. v. Ark. Pollution Control & Ecology Comm'n , 2015 Ark. App. 703, at 11, 478 S.W.3d 232, 242 ("It is [appellant's] burden to demonstrate reversible error, and we will not develop an appellant's argument on appeal.").
Dale next argues that the circuit court erred by refusing to award him damages from the emergency room bill because he admitted that he had not paid the bill and the balance was zero. He argues that the collateral-source rule provides that the windfall should go to the plaintiff, not the defendant, and further claims that the court erred in awarding the damages to the hospital.
We agree. Our supreme court has held that a plaintiff's recovery from the tortfeasor is not limited or offset by the amounts the plaintiff receives from an insurance company for medical bills or by gratuitous medical services, even though in one sense a double recovery occurs. Montgomery Ward & Co. v. Anderson , 334 Ark. 561, 976 S.W.2d 382 (1998) ; E. Tex. Motor Freight Lines, Inc. v. Freeman , 289 Ark. 539, 713 S.W.2d 456 (1986). "[It] is the tortfeasor's responsibility to compensate for all harm that he ... causes, not confined to the net loss that the injured party receives." Montgomery Ward , 334 Ark. at 566-67, 976 S.W.2d at 385 (quoting Restatement (Second) of Torts § 920A(2) ). "The law rationalizes that the claimant should benefit from the collateral source recovery rather than the tortfeasor, since the claimant has usually paid an insurance premium or lost sick leave, whereas to the tortfeasor it would be a total windfall." E. Tex. Motor , 289 Ark. at 548, 713 S.W.2d at 462. "The rule has also been justified on the basis that it assists the plaintiff in paying attorney fees." Howard W. Brill & Christian H. Brill, 1 Arkansas Law of Damages § 6:4 (6th ed. 2014). Thus, in this case, the fact that Dale did not pay the emergency room cannot offset his recovery from White. Accordingly, the court erred in refusing to award Dale damages for the bill on that basis and further erred by directing judgment to the hospital. Accordingly, we reverse on this point and remand for the circuit court to enter a judgment consistent with this opinion.
Dale's remaining argument on appeal is that the circuit court erred in refusing to award him punitive damages. He claims that the evidence showed that White was solely responsible for the altercation. Our review of the refusal to award punitive damages is limited to whether there was a manifest abuse of discretion by the circuit court.
*819 Morris v. Knopick , 2017 Ark. App. 225, 521 S.W.3d 495. Courts may award punitive damages for the intentional torts of battery and assault. See id. ; Boren v. Qualls , 284 Ark. 65, 680 S.W.2d 82 (1984). The purpose of punitive damages is to punish and deter. Morris , 2017 Ark. App. 225, 521 S.W.3d 495. Given the testimony at trial concerning the assault and the battery, we cannot say that the circuit court abused its discretion in denying Dale punitive damages.[4]
Affirmed in part; reversed and remanded in part.
Glover and Murphy, JJ., agree.

Rule 59(b) states as follows:
Time for Motion. A motion for a new trial shall be filed not later than 10 days after the entry of judgment. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

Dale also asserts that the estimates are admissible pursuant to Arkansas Rule of Evidence 902(8). However, he did not raise Rule 902(8) to the circuit court, and the issue is therefore not preserved for our review. Hall v. Ark. Dep't of Human Servs. , 2012 Ark. App. 245, 413 S.W.3d 542.

In making his argument, he cites Metzgar v. Rodgers , 83 Ark. App. 354, 128 S.W.3d 5 (2003), which does cite Arkansas Code Annotated section 16-46-108.

Dale also argues that due process requires a punitive-damages award. Dale failed to raise the due-process argument to the circuit court, and the issue is therefore not preserved for our review. Hall , 2012 Ark. App. 245, 413 S.W.3d 542.