BRANDON J. HARRISON, Judge
Betsy and James Gooch appeal an order of summary judgment entered in favor *67 of Leslie Davis and Landhawg, LLC. The Gooches argue that the circuit court erred in granting summary judgment on their negligent-entrustment claim. We hold that the Gooches have appealed from a nonfinal order; and given the timing of events and prior precedent, we must dismiss this appeal with prejudice.
I.
On 18 July 2012, the Gooches filed a complaint in the Faulkner County Circuit Court against Matthew Davis, Leslie Davis, Margaret Rose Roland, and Landhawg, LLC. The complaint alleged that Matthew Davis negligently rear-ended James Gooch's vehicle and caused significant damages. The complaint also alleged statutory parental liability for a minor-at-fault driver, negligent entrustment, and negligent supervision as to Leslie Davis and Margaret Rose Roland (Matthew Davis's parents), and negligent entrustment as to Landhawg. When the accident occurred, Matthew was driving a Chevrolet Avalanche pickup truck that his father had given to him for his sixteenth birthday. Before giving the truck to his son, Leslie had used the truck as a company vehicle for Landhawg, his independently owned business; so Landhawg was listed as the registered owner of the truck. The Gooches filed a first amended and substituted complaint on 8 June 2015, which restated their claims against the original defendants and added (1) a negligence claim against Gerald Wilson for a motor-vehicle collision that occurred on 8 June 2012 and (2) a negligence claim against Jason Aultman for a motor-vehicle collision that occurred on 8 July 2012.
On 5 April 2017, the court dismissed the Gooches' claims against Matthew Davis and Margaret Rose Roland with prejudice. On May 10, Leslie Davis moved for summary judgment and argued that the Gooches could not prove the required elements for negligent entrustment, negligent supervision, or the statutory parental liability for a minor-at-fault driver. He also said that because the Gooches could not establish that he himself was negligent, then Landhawg could not be held liable for the negligent-entrustment claims. On May 10, Landhawg filed its own motion for summary judgment and argued that the Gooches could not prove the required elements of negligent entrustment as to Landhawg. The Gooches opposed both motions for summary judgment.
At a pretrial hearing, the Gooches orally moved to withdraw the claims against Leslie Davis for negligent supervision and imputed liability based on a minor-at-fault driver. On 22 June 2017, the circuit court entered a partial order of dismissal that dismissed those claims against Leslie with prejudice. Also on June 22, the circuit court granted Leslie Davis's and Landhawg's motions for summary judgment on the negligent-entrustment claim.
On July 24, the Gooches moved the court to reconsider the grant of summary judgment and filed a notice of appeal from the circuit court's June 22 order. The court denied the motion for reconsideration on August 15. Finally, on October 10, the court entered orders that dismissed Jason Aultman without prejudice and Gerald Wilson with prejudice.
II.
The summary-judgment order entered on June 22 was not a final order because the Gooches' claims against Jason Aultman and Gerald Wilson had not yet been adjudicated in some way. When Aultman and Wilson were dismissed from the case on October 10, a final, appealable order was created. That meant a timely notice of appeal from the then-final order (the Aultman/Wilson order) was required *68 to vest this court with appellate jurisdiction. See Ballard v. Ally Fin., Inc. , 2016 Ark. App. 539, 505 S.W.3d 247 (dismissing appeal with prejudice after appellant filed notice of appeal from a nonfinal order and failed to amend notice of appeal after the final order had been entered); see also Ford v. Milojkovic , 2018 Ark. App. 26 (same) (petition for review denied). But the Gooches did not file an amended notice of appeal to capture the Aultman/Wilson order, which could bring up an intermediate order (or in this case the interlocutory summary-judgment decision) for review. See Ark. R. App. P. -Civ. 3 (2017) ("An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment."). And we must dismiss the appeal with prejudice because filing a timely notice of appeal from the Aultman/Wilson order is not possible now. Ballard , supra ; Ford, supra. The result is admittedly a harsh one, but it is also the inevitable consequence of applying Arkansas's current finality doctrine to the rules of appellate procedure.
Dismissed with prejudice.
Klappenbach and Glover, JJ., agree.