Cite as 2019 Ark. App. 445

# ARKANSAS COURT OF APPEALS

No. CV-19-469

| | |
|---|---|
| | **Opinion Delivered** October 2, 2019 |
| BRINKLEY SCHOOL DISTRICT<br>APPELLANT<br><br>V.<br><br>TERMINIX INTERNATIONAL COMPANY, L.P.; TERMINIX INTERNATIONAL, INC.; SERVICEMASTER CONSUMER SERVICES LP; AND RODNEY GLENN LLOYD<br>APPELLEES | PRIMARY MOTION TO DISMISS; SECONDARY MOTION TO DISMISS; MOTION TO STAY BRIEFING SCHEDULE; MOTION FOR EXTENSION OF TIME TO FILE BRIEF<br><br>FIRST MOTION TO DISMISS GRANTED; SECOND MOTION TO DISMISS GRANTED IN PART, MOOT IN PART; MOTION TO STAY BRIEFING SCHEDULE MOOT; MOTION FOR EXTENSION OF TIME TO FILE BRIEF MOOT<br><br>APPEAL DISMISSED WITH PREJUDICE |

**PER CURIAM**

Four motions are before the court. This opinion decides them all. The first motion is a request by four appellees—Terminix International Company, L.P.; Terminix International, Inc.; ServiceMaster Consumer Services LP; and Rodney Glenn Lloyd—to dismiss Brinkley School District's appeal because the district did not file a timely notice of appeal from any order. We address it now.

The appellees' motion to dismiss argues that the district did not timely appeal the circuit court's 8 November 2018 order that dismissed the district's first amended complaint. Nor, say the appellees, did the district timely appeal from either the deemed denial of the

district's first Rule 60(a) postjudgment motion, or the circuit court's express denial (by written order) of the district's amended Rule 60(a) motion.

On November 15, seven days after the November 8 dismissal of the district's first amended complaint, the district started the postjudgment-motion process by moving the circuit court to vacate the dismissal. The appellees argue that the district had to, but did not, file a notice of appeal within thirty days from either the November 8 dismissal, or within thirty days from the date that the November 15 postjudgment motion was deemed denied by operation of law. The November 15 motion was deemed denied because the district filed it within ten days of the order of dismissal's entry, and then the circuit court did not grant or deny the Rule 60(a) motion within thirty days of its filing. *See* Ark. R. App. P.–Civ. 4(b)(1) (2018).[1]

Rather than filing a notice of appeal within thirty days after the November 15 postjudgment motion was deemed denied, the district's first notice came on 14 February

---

[1]Rule 4(b)(1) provides:

Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Ark. R. App. P.–Civ. 4(b)(1) (2018).

2019. February 14 was nearly two months after the deemed-denied date had passed on the November 15 motion. (A second notice of appeal was filed on February 20, but for our purposes today the difference between the two is immaterial.)

Though the February 14 and 20 notices of appeal were filed more than thirty days after the district's original postjudgment motion was deemed denied, the notices were filed within thirty days of the circuit court's express denial (by written order entered February 4) of the district's *amended* Rule 60(a) motion. The amended motion was filed on 30 January 2019.[2] Like the original Rule 60(a) motion, the amendment sought to vacate the 8 November 2018 order of dismissal.

The appellees contend that the February 14 and 20 notices were ineffective to appeal any order. The district disagrees. It argues that the February 14 and 20 notices were timely relative to the circuit court's express denial, on February 4, of the district's *amended* January 30 Rule 60(a) motion. The district relies on the premise that its amended Rule 60 motion may be considered and that it can save this appeal—although the original Rule 60(a) motion

---

[2]The appellees' motion to dismiss in this court states, "Admittedly, the motion [to dismiss] as written [in the circuit court] would leave some portions of the First Amended Complaint to be litigated." *Primary Mot. to Dismiss* ¶ 2. In its response, the district also makes a passing reference to the 8 November 2018 order being "interlocutory." *Resp. to Primary Mot. to Dismiss* ¶ 3. We of course take these statements to mean that there may be a final-order problem. Even if there was a finality question—despite the circuit court's statement in the November 8 order "That Plaintiff's First Amended Complaint is dismissed" (*Ex.1 to Primary Mot. to Dismiss* ¶ 4)—an untimely notice of appeal trumps a final-order problem. By this we mean that a final-order concern generally does not have priority over first deciding whether a timely notice of appeal has been filed. *See Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). That is why we have focused on whether the school district filed a timely notice of appeal.

3

had been deemed denied for more than forty days before the amended motion was even filed, and no notice of appeal was filed within thirty days of the deemed-denied date.

The district knows that its initial Rule 60(a) motion was deemed denied. It admitted as much in the amended Rule 60(a) motion, in which it informed the circuit court that it "failed to act [on the original motion] causing the motion to be deemed denied by operation of law[.]" *Ex. 3 to Primary Mot. to Dismiss* ¶¶ 5–6. In fact, as we just mentioned, when the district filed its amended Rule 60 motion on January 30, the original motion had been deemed denied for more than forty days.

We agree that the district's November 15 postjudgment motion was deemed denied by operation of law. And because the district did not timely file a notice of appeal directly from the November 8 order of dismissal itself, as required by Ark. R. App. P.–Civ. 4(a), or within thirty days of the deemed denial of its first Rule 60(a) motion, as Ark. R. App. P.–Civ. 4(b) required, the district must rely on its *amended* Rule 60(a) motion. The district puts its emphasis on the amended motion because the circuit court expressly denied the *amended* motion on 4 February 2019, which was within ninety days of the November 8 order of dismissal, and the district's February 14 and 20 notices of appeal were filed within thirty days of the order that denied the amended Rule 60 motion.

The tangled procedural question as we see it is this: does Ark. R. App. P.–Civ. 4(b)'s timing provisions supersede Ark. R. Civ. P. 60's ninety-day time period, when a party files a Rule 60 motion to alter, amend, or vacate a judgment within ten days of the judgment's entry (as calculated by Ark. R. Civ. P. 6)? In other words, if a notice of appeal is untimely under Rule 4(b) but timely under a Rule 60 analysis, should the appeal be dismissed? And

4

there is a secondary question: what effect can an amended postjudgment Rule 60(a) motion have when its parent motion was deemed denied before the amended motion was even filed? For the reasons discussed below, we hold that Rule 4(b) governs over Rule 60— once Rule 4(b) has been invoked by the filing of a postjudgment motion within ten days of the challenged judgment's entry. And an amended postjudgment motion does not permit an appeal past the date that would otherwise be untimely under Rule 4(b)(1).

The caselaw supports our decision. Consider *Miller v. Moore*, 2017 Ark. App. 619, 535 S.W.3d 651, in which this court addressed an appellate-jurisdiction challenge involving a Rule 60 motion. We held that jurisdiction was lacking because a notice of appeal was not filed within thirty days after the Rule 60(a) motion had been deemed denied pursuant to Rule 4(b) of the Arkansas Rules of Appellate Procedure–Civil. Here are some of the core statements from the opinion.

> All of the arguments Brooke makes to our court in her appeal were contained in her motion to vacate pursuant to Rule 60(a) of our rules of civil procedure, which she filed within ten days from the date of entry of the adoption decree.
>
> . . . .
>
> The notice of appeal Brooke filed was from the decree itself, but that notice was not amended when her Rule 60(a) motion to vacate was deemed denied. Consequently, we are without appellate jurisdiction to consider the arguments she raised in her motion to vacate because the deemed denial of those issues was not appealed. *See Worsham v. Day*, 2017 Ark. 192, 519 S.W.3d 699. We therefore dismiss her appeal.

*Miller*, 2017 Ark. App. 619, at 3, 535 S.W.3d at 653 (relying on Ark. R. App. P.–Civ. 4(b)).

5

The important point from *Miller* is that the deemed-denied rule, and the corresponding notice-of-appeal deadline under Rule 4(b), applied to a Rule 60(a) motion that was filed within ten days of the order that the motion challenged (as was the case here).

Then came *Dale v. White*, 2018 Ark. App. 172, 545 S.W.3d 812, in which this court held that Rule 4(b)'s deemed-denied rule *did not* apply because the Rule 60 motion was filed *more than ten days after* the order being challenged was entered.

> As to Dale's first issue on appeal concerning prejudgment and postjudgment interest, we hold that Dale failed to obtain a ruling; thus, the issue is not preserved for our review. Dale raised the argument in his Rule 60 motion filed on June 16, 2017, but the circuit court never issued a ruling on the motion. The motion was not deemed denied by operation of law as it was filed more than ten days after entry of the April 27, 2017 judgment, and Rule 60 contains no deemed-denied provision. Accordingly, there is no ruling by the circuit court from which to appeal. It is well settled that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. Accordingly, we must affirm on this point.

*Id*. at 5, 545 S.W.3d at 816 (internal citations omitted).

This court applied the same principle as recently as this year. *See Muhammad v. Burl*, 2019 Ark. App. 52, at 7 n.1, 571 S.W.3d 39, 43 n.1 (relying on *Dale v. White*, *supra*, and Ark. R. App. P.–Civ. 4(b)(1), and stating that "[t]he December 19 [Rule 60] motion was not filed within ten days of the November 30 dismissal order; therefore, it was not deemed denied by operation of law because Rule 60 contains no deemed-denied provision, and Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil would apply only if the motion had been filed within ten days.").

We acknowledge that the district was permitted to amend its initial Rule 60(a) motion, but the amendment cannot operate to extend the deadlines set by Ark. R. App. P.–Civ. 4(b)(1), once Rule 4(b) has been invoked (as it was here). *See Williams v. Hudson*,

6

320 Ark. 635, 637–38, 898 S.W.2d 465, 466–67 (1995). *See also Centennial Bank v. Tribuilt Constr. Grp., LLC*, 2011 Ark. 245, at 6, 388 S.W.3d 897, 900 (citing *Williams*, *supra*, with approval and stating, "Although a motion is not within the ambit of Rule 15, this court has stated that a posttrial motion can be amended, and that such amendment relates back to the original document filed.").

Put another way, we are not persuaded that the district may rely on the *amended* Rule 60 postjudgment motion to argue that (1) it had ninety days from the November 8 dismissal to get a court order either granting or denying the sought-after relief—which it received on February 4—and (2) then had thirty additional days to appeal the February 4 postjudgment order. First, it seems incompatible to hold that an amended postjudgment motion may operate although the parent motion was deemed denied well before the amended motion was filed. This is especially so given that an amended postjudgment motion "relates back" to its parent. *See Williams*, *supra*; *Centennial Bank*, *supra*. Second, if Rule 60's ninety-day time period could somehow subvert Rule 4(b)(1)'s deemed-denied provision—and the corresponding requirement that a notice of appeal must be filed within thirty days of the deemed-denied date—then why include Rule 60 motions under Rule 4(b)'s ambit in the first place? But Rule 60 motions have been within Rule 4(b)'s reach since 2001. *See, e.g.*, Addition to Reporter's Note, February Amendment 2001, Ark. R. App. P.–Civ. 4(b)(1) ("Under the amended rule, timely motions under Rules 50(b), 52(b), and 59(a) extend the time, as does 'any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment.' For example, a motion to set aside the judgment pursuant

to Rule 60 extends the time for filing the notice of appeal, so long as it is made no later than 10 days after the judgment is entered.").

Despite all this, there is some tangential support for the district's argument that it should benefit from Rule 60's ninety-day time period. In *Murchison v. Safeco Insurance Co.*, 367 Ark. 166, 238 S.W.3d 11 (2006), after holding that the appeal had to be dismissed on the basis of the deemed-denial of a Rule 60(a) motion under Ark. R. App. P.–Civil 4 and an untimely notice of appeal relative to the deemed-denied date, the supreme court analyzed the jurisdictional issue in terms of Rule 60(a)'s ninety-day time period, though it did not permit the appeal to continue. (Two justices would have stopped at the Rule 4 analysis.)

Two years later, the supreme court decided *Henson v. Wyatt*, 373 Ark. 315, 283 S.W.3d 593 (2008), which cited *Murchison* and again dismissed the appeal because of the deemed-denied rule in Ark. R. App. P.–Civ. 4. As in *Murchison*, the supreme court in *Henson*, after its Rule 4(b)(1) discussion, implied that Rule 60's ninety-day time period might rescue an otherwise untimely appeal. In another post-*Murchison* case, *City of Centerton v. City of Bentonville*, 375 Ark. 8, 289 S.W.3d 53 (2008), the supreme court analyzed the timeliness of an appeal involving a motion to amend the judgment based solely on Ark. R. App. P.–Civ. 4(b). Rule 60's ninety-day time period was not mentioned. There is no indication in the opinion that either the parties or the court characterized the motion as being one filed pursuant to Rule 60. All we know from the opinion is that "Centerton filed a posttrial motion to amend the judgment on October 14, 2007," and the appeal was dismissed pursuant to Rule 4(b) and *Murchison*. *Id*. at 9, 289 S.W.3d at 54. But had the

8

supreme court chosen to apply Rule 60's ninety-day time period, then the appeal would have been timely based on the recited facts.

These decisions lend some support to the district's point that we should allow this appeal under Rule 60's ninety-day time period because (1) the district filed an amended Rule 60(a) motion before ninety days expired from the date that the November order of dismissal was entered; (2) the February 4 order denying the amended motion was entered within ninety days of the November 8 order; and (3) the district's February 14 and 20 notices of appeal were filed within thirty days after the order denying the amended motion was entered.

But the effect of an amended postjudgment motion after the original one had already been deemed denied was not at the core of those cases. Moreover, the Rule 60 dicta in *Murchison* and *Henson* has had little influence. Since those two cases were decided, many cases have not analyzed the timeliness of a notice of appeal using Rule 60's ninety-day time period when the case also involved a Rule 60(a) motion that came within Rule 4(b)'s time period. Instead, this court and our supreme court have rather steadfastly followed the rule (either directly or by implication) that appeal deadlines associated with a postorder/judgment motion that is filed within ten days of the order being challenged proceeds in accordance with Ark. R. App. P.–Civ. 4(b), and not under Rule 60's ninety-day period.

In addition to the cases we have already mentioned, this court in *Davis v. Arkansas Blue Cross & Blue Shield*, 2010 Ark. App. 348, at 5, dismissed an appeal for the following reason: "Although appellant did not specify whether his motion to set aside was brought

9

under Rule 59 or Rule 60 of the Arkansas Rules of Civil Procedure, appellant's motion was one to vacate the trial court's dismissal order, and it was filed within ten days after the entry of judgment. Therefore, appellant's motion falls within the deemed-denied provision of Rule 4(b)(1)." In *Davis*, we cited *Murchison*'s Rule 4 holding as authority for the dismissal. But *Murchison*'s and *Henson*'s statements regarding the potential applicability of Rule 60's ninety-day time period were not addressed. Another example like *Davis* appeared one year later in *Reimer v. Ragsdale*, 2011 Ark. App. 81. There we held that the notice of appeal filed from the denial of a Rule 60 motion came too late under Rule 4(b)(1). It is worth noting that, as in *Davis*, this court in *Reimer* cited *Murchison* as authority for the dismissal but did not address whether Rule 60's ninety-day time period applied and, if so, whether it would have made the untimely appeal a timely one. Indeed, this court has very recently decided two cases where relief was sought under Rules 59 and Rule 60. Again we followed Rule 4(b)(1). Rule 60's ninety-day period was not mentioned in either case. *See, e.g.*, *McCauley v. Cornejo*, 2019 Ark. App. 28; *Harrelson v. King*, 2018 Ark. App. 42, 538 S.W.3d 885 (applying Rule 4(b) and the deemed-denied rule to motions that sought relief under Rule 59 and Rule 60 of the Arkansas Rules of Civil Procedure).

Given the history of Rule 4(b) and the cases that have addressed it, we hold that Rule 60 *does not* avoid or suspend Rule 4(b)'s provisions, once the latter rule has been triggered by the filing of *any* motion to alter, amend, or vacate an order or judgment within ten days of the order or judgment's entry, as calculated by Ark. R. Civ. P. 6. Moreover, amending a motion to alter, amend, or vacate an order or judgment already on file *does not* avoid or suspend Rule 4(b)'s timing/deadline provisions. *See Williams*, 320 Ark. at 637–38,

898 S.W.2d at 466–67; *Centennial Bank*, 2011 Ark. 245, at 6, 388 S.W.3d at 900. This is especially so when the filing of an amended postjudgment motion is an attempt to breathe life into a parent motion that has already been deemed denied by operation of law.

The district did not file a notice of appeal within thirty days from the entry of the November 8 order of dismissal itself. Ark. R. App. P.–Civ. 4(a). The district did not file a notice of appeal within thirty days of the deemed-denied date of its November 15 Rule 60(a) motion. Ark. R. App. P.–Civ. 4(b). Regarding the amended Rule 60(a) motion that was filed more than one month after the deemed denial of the parent motion, the district did not "avoid" Rule 4(b)'s deadlines by filing it. Finally, even if the amended motion did not relate back to its parent, Rule 60's internal ninety-day time period does not govern over Rule 4(b)'s provisions, once Rule 4 has been triggered. All this means that the district's February 14 and 20 notices of appeal were untimely and did not preserve any issue for appeal.

Finally, because the time to file a notice of appeal from either the circuit court's 8 November 2018 or 4 February 2019 orders has long since passed, the appeal is dismissed with prejudice. *See Seay v. C.A.R. Trans. Brokerage Co.*, 366 Ark. 527, 531, 237 S.W.3d 48, 51 (2006) (dismissing appeal "with prejudice" pursuant to Ark. R. App. P.–Civ. 4(b)(1) because a timely notice of appeal was not filed). *See also* Megan Hargraves, *Common Procedural and Jurisdictional Pitfalls to Avoid in Practicing Before the Arkansas Supreme Court*, 33 U. Ark. L. Rev. 119, 120–21 (Winter 2011) (citing *Seay* and warning that "[i]t is critical for practitioners to ensure that they file all notices of appeal in a timely fashion because an untimely appeal must be dismissed with prejudice"); *Gooch v. Davis*, 2018 Ark. App. 587,

567 S.W.3d 66 (appeal dismissed with prejudice); *Chelstrom v. Chelstrom*, 2018 Ark. App. 208 (same); *Skyridge Estates, LLC v. Ellis*, 2018 Ark. App. 182 (same); *Ford v. Milojkovic*, 2018 Ark. App. 26 (same); *Ballard v. Ally Financial, Inc.*, 2016 Ark. App. 539, 505 S.W.3d 247 (dismissing appeal with prejudice and distinguishing dismissals without prejudice in *National Home Centers, Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007), and *Labry v. Metropolitan National Bank*, 2012 Ark. App. 189, because those cases were appeals from nonfinal orders, and a final, appealable order had never been entered).

We now dispose of the remaining three motions. The motion to dismiss that was filed solely by appellee ServiceMaster adopted the appellees' main motion and then raised two additional grounds for dismissal based on Rules 3 and 6 of the Arkansas Rules of Appellate Procedure–Civil. ServiceMaster's separate motion is granted in part and moot in part. It is granted to the extent it seeks a dismissal based on the arguments made in the first motion, which ServiceMaster adopted in its separate motion. The motion is moot to the extent that we deem it unnecessary to decide the additional arguments for dismissal raised under Rules 3 and 6.

The dismissal of this appeal moots the two remaining motions, one of which asked that the briefing schedule be stayed until the motions to dismiss were decided; the other asked for an extension of time to file the appellant's brief.

★ ★ ★

The motion to dismiss filed by Terminix International Company, L.P., Terminix International, Inc., ServiceMaster Consumer Services, LP, and Rodney Glenn Lloyd is granted. The separate motion to dismiss filed by ServiceMaster Consumer Services LP is

12

granted in part, moot in part. Brinkley School District's motion for an extension of time to file appellant's brief, and its motion to stay the briefing schedule, are both moot.

Appeal dismissed with prejudice.

*Davidson & Associates, P.A.*, by: *Bobby D. Davidson*; and *John W. Walker, P.A.*, by: *Lawrence A. Walker*, for appellant.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*; and *Munson, Rowlett, Moore & Boone, P.A.*, by: *Kara B. Mikles*, for appellees.